360 So.2d 1147 (1978)
Daniel L. MARSHALL, and Bessie M. Marshall, His Wife, Appellant,
v.
W & L ENTERPRISES CORPORATION d/b/a Aladdin Mobile Homes, Reserve Insurance Company and Dink Walsh, Appellee.
No. II-305.
District Court of Appeal of Florida, First District.
July 25, 1978.
*1148 Rod Tennyson, of Ombres, Powell, Tennyson & St. John, West Palm Beach, for appellant.
Benjamin W. Redding, of Barron, Redding, Boggs & Hughes, Panama City, for appellee.
PER CURIAM.
The issue on this appeal is whether the trial court erred in holding that a bonded mobile home dealer's surety was not liable for attorney's fees incurred by appellants in recovering a judgment against the dealer for a violation of the "Little FTC Act," Chapter 501, Part II. We think there was error and reverse.
It is undisputed that the mobile home dealer, Aladdin Mobile Homes, was found to have violated the Act in its dealings with appellants. Reserve Insurance, the surety, contended below however that it could not be liable for appellants' attorney's fees because Section 501.212(5) of the Act provides that the Act does not apply to "any person or activity regulated under laws administered by the department of insurance ...", and the act of writing bonds was clearly an activity regulated by the Department of Insurance. The trial court apparently accepted this reasoning in excluding Reserve from liability for the appellants' attorney's fees.
Appellants' argument proceeds as follows: (1) Section 320.77, Fla. Stat. (1975) requires mobile home dealers to be licensed and bonded; (2) The bond provisions in Section 320.77(11) protect any retail customer "who shall suffer any loss" as a result of any violation of Chapter 319 or 320; (8) Section 320.77(10) prohibits a mobile home dealer from "violation of any provision of this section or of any other law of this state having to do with dealing in mobile homes ..."; (4) Chapter 501, Part II and the rules promulgated under it are laws of this state "having to do with dealing in mobile homes"; (5) Aladdin Mobile Homes was found to have violated Chapter 501, Part II; (6) Section 501.210(1) allows the prevailing party in any civil litigation resulting from a violation of the "Little FTC Act" to receive his reasonable attorney's fees and costs from the nonprevailing party; (7) Section 501.210(4) provides that any award of attorney's fees or costs "shall become a part of the judgment and subject to execution as the law allows". Therefore, appellants claim, the attorney's fees which they incurred in prosecuting the action against appellees were part of the "loss" against which they were protected by Reserve's bond.
Reserve, citing Bankers Fire Casualty Insurance Co. v. Newman, 330 So.2d 760 (Fla. 3d D.C.A. 1976) and previous cases, maintains that a surety is not obligated to pay attorney's fees expended in prosecution of an action on the bond. It contends that even though the "Little FTC Act" grants the appellants the right to recover their attorney's fees against the principal on the bond, it does not in any way enlarge upon the obligation of the surety under the bond.
We accept appellants' position on the point. The obvious purpose of the "Little FTC Act" is to make consumers whole for losses caused by fraudulent consumer practices. Similarly, the purpose of the bonding and licensing requirements in Chapter 320 is protection of consumers who deal with mobile home dealers. These aims are not served if attorney's fees are not included in the protection.
Reserve obligated itself here to pay "any loss or damage" caused to consumers by Aladdin Mobile Homes. Unlike the losses in Bankers Fire and Casualty and other cases cited by Reserve, appellants' losses, specifically defined by statute in Section 501.210(4) and incorporated in the bond by virtue of Section 320.77(11), included attorney's fees. Appellants must be allowed to recover those fees from Reserve.
The portion of the judgment excluding Reserve from liability for the appellants' attorney's fees is reversed and the case *1149 remanded for the entry of a judgment consistent with this opinion.
McCORD, C.J., and MILLS and ERVIN, JJ., concur.