COBB, Chief Judge.
The trial court herein granted a summary judgment in favor of a surety, Auto Owners Insurance Co., which had issued a license and permit bond to protect retail customers dealing with a mobile home dealer, Florida Investors Unlimited, Inc. (FIU), and against the purchasers of a mobile home, the Smiths. The basis for the judgment excluding coverage was that the surety’s principal (FIU) was permitted under its license certificate to conduct business at a specific location in Jacksonville, Florida, whereas the sales transaction involving the Smiths occurred in Orange County, Florida. The trial court construed section 320.-77(14)(a), Florida Statutes (1981), to provide protection to retail customers only on sales that occur at geographical places as stated in the mobile home dealer’s license certificate. That section states:
(a) Before any license shall be issued or renewed, the applicant shall deliver to the department a good and sufficient surety bond, executed by the applicant as principal and by a surety company qualified to do business in the state as surety. The bond shall be in a form to be approved by the department and shall be conditioned upon the dealer’s complying with the conditions of any written contract made by him in connection with the sale or exchange of any mobile home or recreational vehicle and his not violating any of the provisions of Chapter 319 or Chapter 320 in the conduct of the business for which he is licensed. The bond shall be to the department and in favor of any retail customer who shall suffer any loss as a result of any violation of the conditions hereinabove contained....
The appellant argues that there is no language in this subsection that requires that a sale take place at a specific location, and that the statutory language refers to “any retail customer who shall suffer any loss as a result of any violation.” Appellant contends that the thrust of the entire provision is directed toward the conduct of the dealer and the protection of his customer, not to the location of the sale.
The appellee, on the other hand, argues that subsection (6) of section 320.77 provides that a license certificate issued by the Florida Department of Highway Safety and Motor Vehicles entitles the licensee to con *601 duct business at the location set forth in the license, and that subsection (7) requires a supplemental license for a licensee to operate an additional place of business. The appellee points to the language in subsection (14)(a) which refers to violations by the dealer “in the conduct of the business for which he is licensed,” and argues that the business for which its principal, FIU, was licensed was the sale of mobile homes at 1101 Phillips Highway, Jacksonville, Florida.
The appellee s argument is specious, and the trial court’s construction of section 320.77(14)(a) violates the policy of consumer protection clearly underlying the statute. Nothing in subsection (14)(a) refers to the place of sale. The plain meaning of the statute is that the bond protects a retail customer against conduct by a dealer which is violative of the provisions of Chapter 320. The sale of a mobile home in Orange County by FIU contrary to the license requirements of subsections (6) and (7), as cited by the appellee, is such a violation. Accordingly, we reverse and remand for further proceedings consistent with this opinion.
REVERSED and REMANDED.
DAUKSCH and FRANK D. UP-CHURCH, Jr., JJ., concur.