PER CURIAM.
Appellants seek reversal of a final judgment awarding attorney’s fees to the Krathens. We affirm.
The final judgment in dispute was entered by the trial court after the Krathens accepted BMW’s offer of judgment and the clerk had entered a judgment pursuant to Florida Rule of Civil Procedure 1.442. The Krathens incurred the disputed attorney’s fees for successfully defending BMW’s motion to clarify the offer of judgment, motion to vacate the judgment entered by the clerk of the court, and motion for relief from the judgment pursuant to Florida Rule of Civil Procedure 1.540.
Appellants maintain that since the judgment entered by the clerk had been upheld, the trial court’s award of attorney’s fees should have been governed exclusively by the language of the offer of judgment which states:
Pursuant to Fla.R.Civ.P. 1.442, Defendants hereby offer to allow the Plaintiffs to take judgment against them in the amount of Twenty Thousand Five Hundred ($20,500) Dollars, plus reasonable attorney’s fees and costs heretofore accrued. (emphasis added)
Furthermore, the appellants contend that the recent opinion of BMW of North America, Inc. v. Krathen, 471 So.2d 585 (Fla. 4th DCA), rev. denied, 484 So.2d 7 (Fla. 1986), controls the award of attorney’s fees in the instant case. In Krathen, this court ruled that the attorney’s fees incurred on appeal were not recoverable. The appellants claim that the prior ruling is now the law of the case and precludes the award of attorney’s fees incurred post judgment in the trial court.
We disagree and affirm the trial court’s award of attorney’s fees to the Krathens.
The underlying facts are not in dispute and were summarized by this court in its recent opinion of BMW of North America, Inc. v. Krathen, 471 So.2d 585 (Fla. 4th DCA 1985), rev. denied, 484 So.2d 7 (Fla. 1986):
BMW appeals from an order of the circuit court denying its motion to vacate judgment and, alternatively, its motion for relief from judgment. We affirm.
The Krathens filed suit against BMW, seeking money damages for breach of express and implied warranties under the Uniform Commercial Code, and for alleged violations of the Magnuson-Moss Warranty Act, 15 U.S.C.A. §§ 2301-2312 (1982). The gravamen of the complaint was that BMW sold the Krathens an automobile, at a purchase price of $26,-534.13, (with a deferred payment price of $32,501.88), which had a shimmy in the front end that could not be corrected.
BMW responded by mailing an offer of judgment to the Krathens which reads, in its entirety:
“Pursuant to Fla.R.Civ.P. 1.442, Defendants hereby offer to allow the Plaintiffs to take judgment against them in the amount of Twenty Thousand Five Hundred ($20,500) Dollars, plus reason *368 able attorneys fees and costs heretofore accrued.”
The Krathens promptly mailed their acceptance of the offer “as written” pursuant to rule 1.442, Fla.R.Civ.P. After the offer of judgment was filed, the clerk of the court entered judgment against BMW for “the total sum of twenty thousand five hundred ($20,500) dollars, plus reasonable attorneys fees and costs.”
BMW thereafter filed a motion to clarify offer of judgment and to vacate judgment by the clerk of the court and, alternatively, a motion for relief from judgment pursuant to rule 1.540, Fla.R.Civ.P. Essentially, BMW argued that “return of the vehicle was always a condition precedent to all settlement negotiations with the plaintiffs,” and that the offer of judgment should therefore be clarified to reflect that understanding. In its motion for relief from judgment, BMW further argued that even if return of the vehicle were not a condition precedent to the offer, it should be granted relief under rule 1.540, Fla.R.Civ.P., because the offer “was made as a result of mistake, inadvertence, or excusable neglect on the part of [BMW’s] counsel.” Both motions were denied.
On appeal, this court affirmed the lower court’s rulings, but denied the Krathens’ motion for attorney’s fees on appeal. Krathen, 471 So.2d 585 (Fla. 4th DCA 1985), rev. denied, 484 So.2d 7 (Fla.1986). After an unsuccessful petition by the appellants to the Supreme Court of Florida, the case was returned to the trial court on the Krathens’ motion to tax attorney’s fees and costs for defending the offer of judgment and the judgment subsequently entered by the trial court.
Appellants contend that by the express terms of the offer of judgment, the Krath-ens should only be awarded attorney’s fees that were incurred prior to May 6, 1983, the date of the entry of the final judgment by the clerk. The trial court, however, awarded fees incurred between June 11, 1983, and July 15, 1983, for work expended in defending the offer of judgment and the judgment.
It is our view that the trial court was not precluded by the Krathen opinion or the offer of judgment from awarding attorney’s fees on the basis of the statutes pleaded in the complaint. Although the trial court in Krathen had properly refused to look at the pleadings for the purposes of interpreting the unambiguous offer of judgment, nothing in the opinion states that the trial court cannot award attorney’s fees for services in the trial court.
In the instant case, the additional attorney’s fees incurred by the Krathens were required by the post judgment actions initiated by the appellant. Since the attorney’s fees award was based on section 501.2105, Florida Statutes (1981) (the “Little FTC Act”), this court has considered the purpose behind the legislative enactment. In Marshall v.W&L Enterprises Corp., 360 So.2d 1147, 1148 (Fla. 1st DCA 1978), the court stated that the obvious purpose of the “Little FTC Act is to make consumers whole for losses caused by fraudulent consumer practices.... These aims are not served if attorney’s fees are not included in the protection.” In the instant case, to deny the award of attorney’s fees for defending the offer of judgment and the judgment would result in the Krathens’ suffering an additional loss for which they would receive no reimbursement. Thus, the legislative purpose would not be served because the Krathens would not be fully compensated for their attorney’s fees as envisioned by the statute. Clearly, the legislative purpose would not be served by forcing the Krathens to bear the cost of attorney’s fees to resist the unilateral actions of the appellants in this case.
Affirmed.
DELL and GUNTHER, JJ., concur.
ANSTEAD, J., concurs specially with opinion.