601 So.2d 568 (1992)
Lisa BROWN, Appellant/Cross-Appellee,
v.
Robert Marvin DYKES, II, Appellee/Cross-Appellant.
No. 91-01295.
District Court of Appeal of Florida, Second District.
April 8, 1992.
Rehearing Denied July 15, 1992.
Edna Elliott of Edna Elliott, J.D., P.A., Tampa, for appellant/cross-appellee.
Elizabeth Wheeler of Berg & Wheeler, P.A., Brandon, and James S. Moody of Trinkle, Redman, Moody, Swanson & Byrd, P.A., Plant City, for appellee/cross-appellant.
McDONALD, RANDALL G., Associate Judge.
This appeal is taken from an amended final judgment of paternity. We affirm the trial court's rulings with regard to the five issues raised by the child's mother, appellant Lisa Brown. However, we find merit in both issues raised by the father, Robert Dykes, in his cross-appeal.
First, Mr. Dykes objects to a provision in the final judgment to the effect the child shall bear his mother's surname. The circuit court appears to have believed that it was required to do so by section *569 382.013(5)(b), Florida Statutes (1989), since it had awarded custody to Ms. Brown.[1] However, when reviewed in the context of the entire statute, it is clear that subsection (5)(b) addresses the selection of surnames only in the absence of paternity litigation. Cf. Collinsworth v. O'Connell, 508 So.2d 744 (Fla. 1st DCA 1987). Once paternity is established by the court, subsection (6)(c) governs the entry of the appropriate name on the birth certificate:
In any case in which paternity of a child is determined by a court of competent jurisdiction, the name of the father and surname of the child shall be entered on the certificate of birth in accordance with the finding and order of the court. If the court fails to specify a surname for the child, then the surname shall be entered in accordance with [subsection (5)].
Since this provision of the final judgment represents a mistake in statutory construction, rather than a failure to act or an affirmative finding that the child should bear the mother's name, we remand to provide the court with the opportunity to make further inquiry. See Jones v. Roberts, 559 So.2d 429 (Fla. 4th DCA 1990); Lazow v. Lazow, 147 So.2d 12 (Fla. 3d DCA 1962).
Mr. Dykes's remaining issue concerns the trial court's refusal to award him attorney fees pursuant to section 742.031, Florida Statutes (1989). Since Dykes initiated the petition to determine paternity, he reasons that he is the "prevailing party" in this action as contemplated by the statute.[2] A literal reading of section 742.031 supports the trial court, in that it authorizes the imposition of fees against the father only. Accordingly, Dykes asserts that the statute as currently worded violates the equal protection clauses of the federal and Florida constitutions. Amend. XIV, § 1, U.S. Const.; Art. I, § 2, Fla. Const.
Prior to 1986 the Florida paternity statute, section 742.011, allowed only mothers to invoke its provisions. The statute was challenged on equal protection grounds in Kendrick v. Everheart, 390 So.2d 53 (Fla. 1980). Although the supreme court rejected the constitutional challenge, it did so largely because other legal remedies existed, such as declaratory actions, for the putative father "who has shown a substantial interest in his illegitimate offspring." 390 So.2d at 61. The legislature thereafter amended the statute to allow paternity actions to be initiated by either parent or by the child. Notwithstanding this broadening of access, however, the legislature failed to amend section 742.031 in similar fashion.
In order for a gender-based classification to withstand constitutional challenge, it must be substantially related to the achievement of an important governmental objective. Kendrick. The validity of any such classification must be "determined through reasoned analysis rather than through the mechanical application of traditional, often inaccurate, assumptions about the proper roles of men and women." Mississippi University for Women v. Hogan, 458 U.S. 718, 726, 102 S.Ct. 3331, 3337, 73 L.Ed.2d 1090, 1099 (1982).
Without question, section 742.031 does advance an important objective. The statute acknowledges the needs of a mother who has the right to initiate a paternity action but may lack the means to retain counsel for preparation of such litigation. In so doing it also advances the interests of children born out of wedlock by encouraging judicial proceedings which may result in additional financial support for them. However, we are unable to discern any plausible reason why the relief the statute affords should be limited to women only. A mother is no longer regarded as the only parent equipped, by legal or moral right, to bring such an action; as recognized in Kendrick, this task sometimes may fall to the *570 father. Cf. Benac v. Bree, 590 So.2d 536 (Fla. 2d DCA 1991). The mere fact a father may lack sufficient resources to hire an attorney does not disqualify him as a fit party to bring legal action on behalf of his putative offspring.
This unwarranted gender-based distinction does not, however, require us to invalidate section 742.031 on equal protection grounds. "When a statute is found to have unequally treated a class of people covered by the statute as compared to a class not so covered, a court may make the choice of applying the statute to both classes or neither." Webb v. Hillsborough County Hospital Authority, 521 So.2d 199, 207 n. 6 (Fla. 2d DCA 1988) (emphasis in original). Rather than declare the statute unconstitutional, we believe the public interest is better served by construing it as applicable regardless of gender. Accordingly, we hold that a father may apply for attorneys' fees under section 742.031, and direct the trial court after remand to address the merits of Mr. Dykes's motion for fees.[3]
Affirmed in part, reversed in part, and remanded with instructions.
LEHAN, A.C.J., and THREADGILL, J., concur.
NOTES
[1] This subsection provides that "[i]f the mother is not married at the time of birth, the person who will have custody of the child shall select the given names and surnames of the child."
[2] We note that the final judgment, prior to amendment, awarded fees to Dykes pursuant to § 57.105, Fla. Stat. (1989), based on the trial court's finding that Ms. Brown's defense of this action involved "a complete absence of any justiciable issue." The trial court subsequently receded from this position, and Dykes does not seek review of this particular decision.
[3] We reject Ms. Brown's argument that Dykes "invited" the trial court's error. See Growers Marketing Service, Inc. v. Conner, 249 So.2d 486 (Fla. 2d DCA 1971).