620 So.2d 1077 (1993)
UNITED PACIFIC INSURANCE COMPANY, Appellant,
v.
Danny J. BERRYHILL and Christine Berryhill, Appellees.
No. 92-2094.
District Court of Appeal of Florida, Fifth District.
June 25, 1993.
*1078 Marcia K. Lippincott of Marcia K. Lippincott, P.A., Orlando, for appellant.
John Moxley of John Moxley, P.A., Ocala, for appellees.
W. SHARP, Judge.
United Pacific Insurance Company appeals from a final summary judgment in favor of Danny and Christine Berryhill. They sued to collect damages on a motor vehicle dealer bond issued by United for Touch of Class Motor Cars, Inc., a defunct auto dealer. United argues its bond does not cover the Berryhills' damages because they purchased the car from Palm Chevrolet, another dealer, who had purchased it from Touch of Class through an auto auction. United also argues its bond does not encompass "triple" damages and that the Berryhills failed to plead and prove a basis for an award of attorney's fees against United. We affirm on the first point, and reverse on the last two.
The record shows that on August 27, 1987, the Berryhills bought a 1985 Oldsmobile from Palm Chevrolet. Palm had bought the car from Touch of Class Motor Cars, Inc. on August 19, 1987, through an auction. Unknown to Palm and the Berryhills, Touch of Class had illegally tampered with the odometer in the Oldsmobile by turning it back 50,000 miles. The Berryhills sued Choops, as trustee for the then defunct Touch of Class and obtained a judgment for $13,096: $9,000 in damages ($3,000 for the difference in value of the car due to the odometer fraud, tripled),[1] $4,000 for attorney's fees and $96.00 in costs.
When Choops failed to pay the judgment, the Berryhills demanded that United pay them, pursuant to its bond. United had issued a motor vehicle dealer surety bond to Touch of Class. The bond provided:
Now, therefore, if the above named principal shall fully comply with the conditions of any written contract made by him as such dealer in connection with the sale or exchange of any motor vehicle, and shall pay or cause to be paid to any person in a retail or wholesale transaction any loss or damages which such person shall sustain as a result of any failure to comply with the conditions of *1079 any written contract made by such dealer in connection with the sale or exchange of any motor vehicle or as a result of any violation of the provisions of Chapter 319 or 320, Florida Statutes, in the conduct of its business for which he is licensed, then this obligation shall be void; otherwise, to remain in full force and effect. (emphasis supplied)
We agree with the trial judge that the Berryhills need not be direct purchasers from Touch of Class to recover damages under its bond with United. In order to be allowed to do business in Florida, a motor vehicle dealer must post a surety bond or irrevocable letter of credit, pursuant to section 320.27(10)(b), Florida Statutes (1987). The statute requires that the surety bond must contain the following conditions: that the dealer will comply with any written contract made in connection with the sale or exchange of a motor vehicle, and that the dealer will not violate any of the provisions of chapter 319 and 320 in the conduct of its business. Section 319.35 makes it unlawful to knowingly tamper with or set back the odometer of a vehicle.
The bonding statute was designed for the protection of the general car-buying public in this state, and it specifically covers conduct which violates chapters 319 and 320. Interstate Securities Co. v. Hamrick's Auto Sales, Inc., 238 So.2d 482 (Fla. 1st DCA 1970). See also Smith v. Auto Owners Insurance Co., 462 So.2d 599 (Fla. 5th DCA 1985) (surety bond provision required for mobile home dealer protects a retail customer against conduct by a dealer which violates chapters 319 or 320). Its language is not limited to direct purchasers from a dealer. Rather, it requires the bond extend such protection to "any person" in a retail or wholesale transaction who suffers any loss as a result of any violation of the specified condition or conduct.
The surety bond language tracks the same language, as it must, to qualify as a bond in compliance with this statute. If read restrictively to limit recovery to only direct purchasers in "privity" with the dealer, the bond and statute would lose much of their scope and intended purpose. Clearly, the Legislature intended remote purchasers be covered with regard to violations of chapters 319 and 320. Accordingly, a bond written to satisfy the statute should be construed as giving remote purchasers protection under the bond. See Warren v. Monahan Beaches Jewelry Center, 548 So.2d 870 (Fla. 1st DCA 1989).
We disagree with the trial court, however, that the treble damages award which is provided for by federal law[2] is encompassed by the surety bond issued by United. Both the bond and the statute provide for recovery of "any loss or damage" which a person shall sustain as a result of odometer tampering. The clear meaning of those words suggests that only actual damages or losses can be recovered. Treble damages are punitive and in the nature of fines. See Country Manors Ass'n, Inc. v. Master Antenna Systems, Inc., 534 So.2d 1187 (Fla. 4th DCA 1988); Darr v. Long, 313 N.W.2d 215 (Neb. 1981).
We also think the award of attorney's fees to the Berryhills in this case was erroneous. They only pled section 57.105 (frivolous litigation) as a basis for the award. But, this was not a frivolous defense asserted by United. In order to be entitled to attorney's fees, a party seeking them must plead the correct entitlement. Stockman v. Downs, 573 So.2d 835 (Fla. 1991).
The trial court actually awarded attorney's fees pursuant to section 501.2105. Chapter 501 was mentioned in the Berryhills' complaint as a basis for their suit against Touch of Class. However, chapter 501 is not referenced in chapter 319 and 320 nor in the bond.
Chapter 501 only applies to "consumer transactions." That term is defined as:
[A] sale ... to an individual for purposes that are primarily personal or family, or household ...
§ 501.203(1), Fla. Stat. (1987). Unless the transaction with Touch of Class was a "consumer transaction," chapter 501 provides *1080 no basis to award attorney's fees. U.S. Financial Group, Inc. v. Horizon Management, Inc., 476 So.2d 771 (Fla. 3d DCA 1985).
In this case, Touch of Class sold the tampered vehicle to another dealer, not to the Berryhills. Sales between auto dealers are at the wholesale level. By definition they are not "consumer transactions." § 501.203(1), Fla. Stat. (1987). See Golden Needles Knitting & Glove Co., Inc. v. Dynamic Marketing Enterprises, Inc., 766 F. Supp. 421 (W.D.N.C. 1991).
Accordingly, we affirm the judgment against United for the Berryhills' actual damages of $3,000. But, we reverse the triple damages award ($6,000). We also reverse the attorney's fee award ($4,000), because the statutory basis for it, as pled and awarded, was erroneous.
AFFIRMED in part; REVERSED in part.
DAUKSCH, J., and BAKER, J.P., Associate Judge, concur.
NOTES
[1] The federal odometer disclosure law provides for treble damages for odometer fraud. Title 15 U.S.C. § 1989(a)(1).
[2] Title 15 U.S.C. § 1989(a)(1).