DAUKSCH, Judge.
Petitioner, Aetna Casualty & Surety Company (Aetna), seeks certiorari review of a circuit court appellate decision affirming the final judgment of the county court. At issue is whether the circuit court misapplied the law in affirming an award of attorney’s fees against Aetna which issued a surety bond to a motor vehicle dealer.
Kathryn Hubbel filed a complaint against Scott’s Auto alleging fraud and deceptive trade practices. Hubbel also sought recovery under the surety bond issued to Scott’s Auto by Aetna. See generally § 320.27(10), Fla. Stat. (1995). After Scott’s Auto defaulted, Hubbel filed a demand for judgment against Aetna. This demand for judgment was accepted, with Aetna reserving the right to contest a request for attorney’s fees. Hubbel subsequently filed a motion to tax costs and attorney’s fees against Aetna, which was granted by the county court. Aet-na appealed, and the circuit court affirmed the county court order. The circuit court held that the attorney fee provision of Chapter 501, Part II, Florida’s Deceptive and Unfair Trade Practices Act, was incorporated in section 320.27(10), Florida Statutes, the statute requiring auto dealers to post bond to cover consumer losses. The circuit court relied on Marshall v. W & L Enterprises Corp., 360 So.2d 1147 (Fla. 1st DCA 1978) which applied the attorney fee provision of Chapter 501, Part II, to a surety bond action under Chapter 320, Florida Statutes.
Aetna’s surety bond does not contain a provision for an award of attorney’s fees. In Dealers Ins. Co., Inc. v. Centennial Casualty Co., 644 So.2d 571 (Fla. 5th DCA 1994), a surety bond action was brought against the surety of an automobile dealer pursuant to section 320.27(10), Florida Statutes, the same statute relied upon by Hubbel in this case. The action was based on a dealer registration agreement which provided for the recovery of attorney’s fees. The dealer promised to *1142 pay the purchase price of any vehicle obtained at auction immediately after receiving title. The dealer issued bad cheeks, and the plaintiff, a bad draft insurer, sought recovery against the surety under the bond. Attorney’s fees were awarded to the plaintiff based on the dealer registration agreement. On appeal, the Fifth District Court of Appeal concluded that the award of attorney’s fees to the plaintiff was error. This court found that nothing in Chapter 320 regarding surety bonds would authorize an award of attorney’s fees. This court further found that although the dealer registration agreement contained a provision authorizing recovery of attorney’s fees against the surety’s principal (the dealer), a surety would not be liable for attorney’s fees unless the bond itself contained a provision for such fees. Although Hubbel argues that Dealers Ins. Co. v. Centennial was not a case involving the Deceptive and Unfair Trade Practices Act, the Fifth District Court of Appeal emphasized that a surety bond is an instrument of secondary liability defined by its express terms, and is not a contract of indemnity. Id. at 574.
In United Pacific Ins. v. Berryhill, 620 So.2d 1077 (Fla. 5th DCA 1993), an action was filed against a surety who issued a bond to a dealer who engaged in odometer fraud, in violation of section 319.35, Florida Statutes (1995). The dealer who tampered with the odometer sold a car to another dealer who then sold the car to the plaintiffs. The plaintiffs first filed suit against the wrongful dealer alleging deceptive and unfair trade practices and obtained a judgment. However, the dealer corporation became defunct and the trustee for the defunct corporation did not satisfy the judgment. The plaintiffs then sued the surety and obtained a judgment for treble damages pursuant to the Federal Odometer Act, as well as attorney fees. On appeal, the Fifth District Court of Appeal reversed the treble damages and attorney fees. As to the treble damages, this court reasoned that they were punitive in nature, whereas a surety bond only covers actual damages. As to attorney fees, the plaintiffs sought recovery pursuant to section 57.105, Florida Statutes (frivolous litigation), but the trial court awarded attorney’s fees pursuant to section 501.2105, Florida Statutes, the attorney fee provision of the Deceptive and Unfair Trade Practices Act. In reversing the attorney fees, this court noted, among other factors, that Chapter 501 is not referenced in Chapters 319 or 320, Florida Statutes.
In Marshall v. W & L. Enterprises Corp., 360 So.2d 1147 (Fla. 1st DCA 1978), the First District Court of Appeal concluded that the surety for a mobile home dealer was liable for attorney’s fees incurred by the plaintiffs who successfully established that the dealer violated the Deceptive and Unfair Trade Practices Act. The First District Court of Appeal stated that the plaintiffs’ losses, including attorney fees, were incorporated into the bond by virtue of the statute which makes the bond available for any customer who suffers loss as a result of breach of contract or a violation of Chapter 319 or 320, Florida Statutes.
It appears that the holding in Marshall was based on public policy concerns, while the Fifth District Court of Appeal in Centennial and Berryhill addressed the issue of attorney fees strictly in terms of pleading, statutory construction and the well-established principle that attorney fees are not considered part of a plaintiff’s damages, and thus cannot be recovered pursuant to a bond unless the bond itself provides for such recovery. See also Bankers Fire & Cas. Ins. Co. v. Newman, 330 So.2d 760 (Fla. 4th DCA 1976) (provision of surety bond to secure payment of promissory note did not create a contractual obligation to pay attorney’s fees in the event of default); United Bonding Ins. Co. v. Inter National Bank, 221 So.2d 20 (Fla. 3d DCA 1969) (statute authorizing recovery of attorney’s fees in actions on insurance policies is inapplicable to suits on surety bonds).
Centennial and Berryhill are not in harmony with Marshall. We disagree with the holding in Marshall and certify conflict. Because the surety bond issued by Aetna did not include a provision for attorney’s fees, and the attorney fee provision of the Deceptive and Unfair Trade Practices Act is not referenced in Chapter 320, the petition for writ of certiorari is granted and the circuit court decision quashed.
*1143 PETITION GRANTED; DECISION QUASHED.
GRIFFIN, C.J., and COBB, J., concur.