723 So.2d 333 (1998)
Craig D. STARKEY, Appellant,
v.
Lori Ann LINN, Appellee.
No. 97-2935.
District Court of Appeal of Florida, Fifth District.
December 11, 1998.
Rehearing Denied January 14, 1999.
*334 Terry L. McCollough of Terry L. McCollough, P.A., Orlando, for Appellant.
Hal Roen of Hal Roen, P.A., Winter Park, for Appellee.
GOSHORN, Judge.
Craig Starkey appeals the order directing him to pay $30,792.50 in attorney's fees and $2,517.97 in costs in the paternity and custody suit he filed against Lori Linn, the mother of his son. He argues that Linn's failure to move for fees precluded the award. For the reasons discussed seriatim, we reverse the award of fees and costs.
The parties were never married. In 1989, shortly after a sexual relationship with Starkey, Linn discovered she was pregnant. Blood tests established Starkey's paternity of the son born in November 1989. Starkey and Linn agreed upon significant visitation and support payments and conducted themselves accordingly until 1995. Then, in May 1995, Linn refused Starkey's usual visitation.
Starkey responded by filing the instant petition to establish his paternity, seeking also to obtain custody of the child. Linn denied Starkey's paternity and sought to maintain custody of the child. In August 1995, an order determining Starkey to be the father was rendered, and the parties proceeded to trial on the custody issue. In the *335 amended final judgment, the court wrote that both parties appeared to be outstanding parents. It gave Linn primary residential responsibility, with Starkey to receive midweek visitation and alternating weekends. The final paragraph of the order provides:
By agreement between the parties, they have stipulated that the issue of the amount of attorney's fees and the issue of entitlement to attorney's fees, suit money and court costs shall be reserved until a further hearing before this Court.
At the attorney's fee hearing, Starkey sought fees as prevailing party in the paternity action in accordance with his earlier fees motion. He specifically limited the request to the point in time the summary judgment on the issue of paternity was rendered, i.e., he did not seek fees for the custody portion of the suit. Starkey testified that his paternity had never been contested until Linn's answer and affirmative defenses were filed. Linn herself admitted that she had never questioned Starkey's paternity. Linn also sought fees.
Starkey objected to Linn's request for fees because Linn had never filed a motion for attorney's fees. Starkey's attorney stated he had objected to Linn seeking fees "at every proceeding." He pointed out that in Linn's answer and affirmative defenses, she had sought fees under sections 742.031 or 61.16,[1] but had never filed a motion seeking fees. Linn maintained she was entitled to fees because her answer and counterpetition sought fees. The trial court asked Linn whether she was requesting fees under section 742.031 or section 742.045. Linn specifically adopted section 742.045, a section which she had never previously cited.
The trial court rendered an order finding Starkey's request for fees in the paternity portion of the suit was "not appropriate" and denied the petition. It also denied Starkey's objection to Linn's entitlement to fees, finding that Linn's initial pleading, pretrial compliance statement, and the agreement of counsel that fees would be determined at a subsequent hearing were sufficient to place Starkey on notice that Linn was seeking fees.[2] It then granted Linn's fee request, writing:
Florida Statutes 742.031 allows the Court to order attorney's fees and all costs of proceedings if appropriate. This Court determines that the Respondent has shown that it is appropriate for the Court to award fees and costs of proceedings based upon testimony and all pleadings filed. Further, the Respondent has shown that she has a need and has established an entitlement to said fees. Petitioner has the ability to pay fees from both his income and fixed assets. The court has previously made findings as contained in the Amended Final Judgment entered April 9, 1997, as to Petitioner's ability to pay.
The court gave Starkey just over one month to pay the $33,310.47 it found due, prompting the instant appeal.
Two sections of the paternity chapter authorize the award of attorney's fees. Section 742.031, relied upon by the trial court, provides in pertinent part:
If appropriate, the court shall order the father to pay the complainant, her guardian, or any other person assuming responsibility for the child moneys sufficient to pay reasonable attorney's fees, hospital or medical expenses, cost of confinement, and any other expenses incident to the birth of the child and to pay all costs of the proceeding.
This section has been interpreted to allow an award of attorney's fees to the prevailing complainant, whether it be the mother or the father. Brown v. Dykes, 601 So.2d 568 (Fla. 2d DCA), rev. denied, 613 So.2d 2 (Fla.1992).
Section 742.045 is broader. It provides in pertinent part:
The court may from time to time, after considering the financial resources of both parties, order a party to pay a reasonable amount for attorney's fees, suit money, and *336 the cost to the other party of maintaining or defending any proceeding under this chapter, including enforcement and modification proceedings.
Starkey argues first that because Linn did not request fees under section 742.031 at the fees hearing and because she failed to file a motion for fees, it was error to award Linn section 742.031 fees. Starkey contends that the reference in Linn's answer to section 742.031 was insufficient; Linn was required to also file a motion for fees. He cites Stockman v. Downs, 573 So.2d 835 (Fla.1991) wherein the court held that a claim for attorney's fees must be pled or it will be deemed waived. In so holding, the court wrote, "A party seeking attorney's fees pursuant to statute or contract must plead entitlement to such fees. Proof of attorney's fees may be presented after final judgment, upon motion within a reasonable time." Id. at 838 (emphasis added). See also McAskill Publications, Inc. v. Keno Bros. Jewelers, Inc., 647 So.2d 1012 (Fla. 4th DCA 1994) ("However, even if we were to assume for the purpose of discussion that such entitlement was pled, Stockman also tells us that it was then necessary for the party seeking the attorney's fee to move the trial court for same and present proof of fees `within a reasonable time' after the final judgment.").
We do not read Stockman as requiring that a motion for fees be filed where the claim for fees is made in the pleading and the issue and proof of fees are admitted and argued at the trial. The cited language of Stockman relates to instances where a party pled entitlement to fees, but the trial court entered final judgment on the merits without hearing or addressing the fees issue. In such situations, the claimant must move for fees within a reasonable time following entry of the final judgment, just as was noted in McAskill. Pre-trial, there is no requirement that a party move for fees in addition to raising its claim in its pleading. Setting forth the claim for fees in the pleading, whether that pleading is in the form of complaint, answer, or counterclaim, is sufficient to preserve the claim in such cases. See Green v. Sun Harbor Homeowners' Ass'n, No. 89911, 1998 WL 558989 (Fla. Sept.4, 1998).
Although Linn preserved her claim for fees by including it in her answer, the statute under which Linn pled (although abandoned at the fees hearing), and under which the court awarded fees, does not support an award of fees to her. Section 742.031 permits an award of fees to the prevailing complainant in a paternity action. Brown (section 742.031 must be construed to allow fees to a father who successfully brings paternity suit); Cain v. Sims, 396 So.2d 234 (Fla. 1st DCA 1981) (paternity fees section does not authorize award of fees to successful defendant in paternity suit). Indeed, in Stump v. Foresi, 486 So.2d 62 (Fla. 4th DCA 1986) the court held that where the putative father brought the action for declaration of his paternity and was successful, it was error for the trial court to award attorney's fees and costs to the child's mother. Linn did not prevail on the paternity issue; Starkey did. Accordingly, Linn should not have received a fee award under section 742.031.
This conclusion raises the issue of whether the court erred in refusing to grant Starkey's attorney's fees motion under section 742.031. Starkey sought fees relative only to establishing his paternity. Section 742.031 provides that "if appropriate," the court shall award fees in a paternity proceeding. The trial court determined that such an award was not appropriate under the instant facts. (Starkey was financially far better off than Linn). We agree with the trial court that the modifier "if appropriate" requires a court to consider the relative financial resources of the parties. Just as a court would do in a dissolution case, a court must determine whether the parties in a paternity action have similar ability to secure competent counsel where fees are sought under section 742.031.[3] Because the trial court applied the correct test, we affirm that portion of the order denying Starkey's fees request.
As to whether a fee award to Linn under section 742.045 would have been sustainable, *337 the only time Linn claimed section 742.045 as a basis for fees was at the fees hearing. This notice clearly violated Stockman; section 742.045 fees were not raised by pleading and thus the claim was untimely. See Chittenden v. Boyd, 669 So.2d 1136 (Fla. 4th DCA 1996) (oral claim for fees made at deposition one day before trial violates Stockman). The trial court may well have recognized the invalidity of Linn's belated attempt to assert section 742.045, thus explaining its reliance on section 742.031.
Linn argues that it was immaterial that she cited section 745.031 in her answer, asserting that it was sufficient that Starkey was on notice that she was claiming fees at all and intimating that the court's order awarding fees under 745.031 should be sustained under section 745.045. We find this argument without merit. Linn alleged that a specific section supported her entitlement to fees. Having made this election, Linn is bound by her decision. As this court held in United Pacific Insurance Co. v. Berryhill, 620 So.2d 1077 (Fla. 5th DCA 1993), "In order to be entitled to attorney's fees, a party seeking them must plead the correct entitlement." Id. at 1079 (citing Stockman). Linn did not timely claim fees under section 742.045 nor did the trial court award fees under that section. Starkey was on notice only that Linn was claiming fees under section 742.031, which section does not support a fees award to Linn under the facts of this case.
In summary, the trial court did not abuse its discretion in denying Starkey's motion for fees. However, it was error to award Linn her attorney's fees and costs under section 742.031 as she was not the prevailing party in the paternity suit. Linn's failure to timely seek fees under section 742.045 precludes a fee award under that section. Accordingly, we reverse the award of fees in favor of Linn.
AFFIRMED in part; REVERSED in part.
PETERSON, J., concurs.
W. SHARP, J., concurs in part, dissents in part, with opinion.
W. SHARP, Judge, concurring in part, dissenting in part.
I agree that the court below did not abuse its discretion in denying Craig Starkey's motion for attorney's fees. However, I would affirm the award of attorney's fees to Lori Linn. Linn initially requested attorney's fees pursuant to section 742.031. She later requested attorney's fees at the fees hearing pursuant to section 742.045. Both sections are in the chapter on paternity. The trial court awarded fees pursuant to section 742.031. The award should be upheld because Starkey clearly had ample pretrial notice that Linn was seeking attorney's fees in this action, and the effect of her initial reliance on section 742.031, rather than section 742.045, is de minimus.
In Stockman v. Downs, 573 So.2d 835 (Fla. 1991), the Florida Supreme Court held that a claim for attorney's fees, whether based on statute or contract, must be pled. According to the supreme court, "the fundamental concern is one of notice." The court noted that the existence or nonexistence of a motion for attorney's fees may play an important role in decisions affecting the case. For example, the potential that one may be required to pay the opposing party's attorney's fees may be factored into a decision to pursue, dismiss or settle a claim. The parties should not have to speculate throughout the entire course of the action what claims may ultimately be pursued against them.
In Stockman, the party seeking attorney's fees (the Downses) did not seek attorney's fees until after entry of the final judgment in their favor. Stockman had not waived his objection to their failure to plead this issue and had not tacitly recognized their claim. The court held the Downses were not entitled to attorney's fees. Here, Starkey had notice of Linn's claim for attorney's fees in her answer and affirmative defenses, which requested that Starkey "pay all attorney's fees, court costs and any other fees paid by respondent in the bringing of this action, pursuant to section 742.031 and 61.16, Florida Statutes (1993)." At the fee hearing, Linn requested fees pursuant to section 742.045.
*338 Both section 742.031 and 742.045 are in chapter 742, "Determination of Parentage." Section 742.031 authorizes attorney's fees only for determination of paternity and does not address the award of fees for subsequent proceedings. P.A.G. v. A.F., 602 So.2d 1259 (Fla.1992). The Legislature remedied the gap in attorney's fees for subsequent proceedings by enacting section 742.045, which authorizes an award of attorney's fees in any proceeding under chapter 742. P.A.G., 602 So.2d at 1261, n. 1. It seems unlikely that Starkey would have done anything differently in these proceedings had he known Linn intended to seek fees pursuant to section 742.045 rather that section 742.031. Therefore the fundamental concern of Stockman has been satisfiedStarkey had sufficient notice of Linn's claim for attorney's fees. We should affirm a trial court that made the right decision even though it was based on the wrong reason. See Home Depot U.S.A., Inc. v. Taylor, 676 So.2d 479 (Fla. 5th DCA 1996); Sybert v. Combs, 555 So.2d 1313 (Fla. 5th DCA 1990) (Sharp, W., J., dissenting).
The cases cited for the proposition that a party must cite the "correct" section for attorney's fees are distinguishable. In Chittenden v. Boyd, 669 So.2d 1136 (Fla. 4th DCA 1996), the party seeking attorney's fees did not raise this issue until the day before trial. Thus the opposing party did not have the type of notice required by Stockman v. Downs. In United Pacific Insurance Co. v. Berryhill, 620 So.2d 1077 (Fla. 5th DCA 1993), the party seeking attorney's fees pled only section 57.105. The trial court awarded fees pursuant to chapter 501. Chapter 501, however, did not apply to the case. Thus the attorney's fees were reversed because "as pled and awarded," they were erroneous. Here, section 742.045 would be applicable to these proceedings.
NOTES
[1] Section 61.16 clearly does not apply because this was not a marriage dissolution case.
[2] In fact, entitlement to fees was not agreed upon. Rather, the parties agreed only to postpone argument on the issue of entitlement to fees.
[3] While the paternity portion of this case appears ripe for a subsection 57.105(1) frivolous fees award, Starkey failed to move for an award under this section.