EMAS, J.
Felix Lopez (“Lopez”) appeals from the denial of his motion for reconsideration of an order denying a motion for attorney’s fees pursuant to section 627.428, Florida Statutes (2011) (the “Motion for Reconsideration”). For the reasons that follow, we reverse.

FACTS

Lopez was a Texas resident who moved to Florida. On October 17, 2010, while living in Miami, Lopez was involved in an automobile accident, which caused damage to Lopez’s car. At the time of the accident, State Farm Mutual Automobile Insurance Company (“State Farm”) provided automobile insurance coverage to Lopez through a policy issued in Texas and delivered to him while he lived in Texas.
State Farm paid for some of the repairs to Lopez’s vehicle but then denied coverage for additional repairs. Lopez retained counsel and sent State Farm a pre-suit demand letter, requesting State Farm to honor its obligations under the policy or Lopez would be forced to file suit to enforce his rights. State Farm responded, stating that it appeared Lopez had already been compensated for the damage to his vehicle.
Lopez filed suit against State Farm on September 14, 2011 for breach of the policy and sought attorney’s fees and costs pursuant to chapter 627, Florida Statutes and section 57.105, Florida Statutes. State Farm answered and denied the material allegations of the complaint but did not respond by answer or otherwise to Lopez’s claim for attorney’s fees. Lopez thereafter amended his complaint to plead additional required repairs to the vehicle. State Farm answered the amended complaint, again denying the material allegations but this time asserting that it had insured Lopez pursuant to a policy issued and delivered in Texas, and that its obligations under the policy were “subject to the terms, conditions and limitations of that policy as circumscribed by the laws of the State of Texas.” State Farm also moved to strike Lopez’s claim for attorney’s fees, contending that because the policy was issued in Texas, section 627.401, Florida Statutes negated any claim for fees under section 627.428.
Thereafter, Lopez served a proposal for settlement to State Farm to resolve the underlying claim but not the attorney’s fees and costs issue. State Farm accepted the proposal for settlement. Lopez then served his motion for attorney’s fees and costs based upon State Farm’s acceptance of the proposal for settlement, which Lopez contended served as a confession of judgment, entitling him to fees pursuant to *404 Wollard v. Lloyd’s & Cos. of Lloyd’s, 439 So.2d 217 (Fla.1983).
The court heard argument on State Farm’s previously-filed motion to strike Lopez’s claim for attorney’s fees. The court granted State Farm’s motion to strike but allowed Lopez to either amend his complaint or file a motion for reconsideration. Lopez did not amend the complaint but filed his Motion for Reconsideration, in which he argued that (1) State Farm was estopped by having waited more than eighteen months to first contest Lopez’s entitlement to fees under section 627.428; (2) despite the fact the policy was issued and delivered in Texas, it contemplated covering risks in other states, and given State Farm’s voluntary payment of amounts claimed under the policy, Lopez was entitled to fees pursuant to section 627.028; and (8) in the alternative, Lopez was entitled to fees under Texas law, specifically section 542.060, Texas Insurance Code, which appears to provide for fees and costs under circumstances and in a manner similar to Florida’s section 627.428.
The court heard argument on Lopez’s Motion for Reconsideration and thereafter denied Lopez’s motion on all grounds, ruling: “This Court does not have jurisdiction to apply Texas law in this case.” This appeal followed.

ANALYSIS:

When entitlement to fees is based upon statutory interpretation, the issue is reviewed de novo. Iannuzzelli v. Lovett, 981 So.2d 557 (Fla. 3d DCA 2008).
Lopez contends he is entitled to fees pursuant to section 627.428, as it is well established in Florida that when an insurer pays an insured after the insured has sued for coverage but prior to judgment, the payment serves as a confession of judgment against the insurer (or a verdict in favor of the insured), entitling the insured to fees. Wollard, 439 So.2d at 218. “Requiring the plaintiff to continue litigation in spite of an acceptable offer of settlement merely to avoid having to offset attorney’s fees against compensation for the loss puts an unnecessary burden on the judicial system, fails to protect any interest — the insured’s, the insurer’s or the public’s — and discourages any attempt at settlement.” Id.
Section 627.428(1) and (3) provides:
(1) Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of any named or omnibus insured or the named beneficiary under a policy or contract executed by the insurer, the trial court or, in the event of an appeal in which the insured or beneficiary prevails, the appellate court shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured’s or beneficiary’s attorney prosecuting the suit in which the recovery is had...
[[Image here]]
(3) When so awarded, compensation or fees of the attorney shall be included in the judgment or decree rendered in the case.
However, section 627.401(2) provides:
No provision of this part of this chapter applies to:
[[Image here]]
(2) Policies or contracts not issued for delivery in this state nor delivered in this state, except as otherwise provided in this code.
See also East Coast Ins. Co. v. Cooper, 415 So.2d 1323, 1325 (Fla. 3d DCA 1982) (establishing that in order to qualify for fees under section 627.428, the insured must obtain a judgment in his favor and hold a policy of insurance issued for delivery or delivered in Florida). Notwithstanding the unambiguous language of section 627.401(2), Lopez nonetheless seeks to *405 avail himself of section 627.428 under a policy of insurance that was issued for delivery and delivered in Texas. Lopez relies on United States Fidelity and Guaranty Co. v. Murray, 671 So.2d 812 (Fla. 4th DCA 1996) in support of his argument, but Murray is inapplicable to the present situation.[1] We therefore disagree with Lopez’s initial argument and hold that application of Florida law is not warranted under the instant facts and based on the plain language of section 627.401.
Lopez alternatively maintains that if section 627.401 prevents recovery of attorney’s fees under section 627.428, then the court erred in declining to consider the application of Texas law to the issue of entitlement to attorney’s fees. State Farm argues in response that Lopez never pled in any iteration of his complaint that he was entitled to attorney’s fees under Texas law and was thus precluded from raising that ground in his motion for reconsideration. We disagree.
In Caufield v. Cantele, 837 So.2d 371 (Fla.2002), Florida’s Supreme Court recognized that notice is the fundamental concern in this context, and a pleading which asserts a claim for attorney’s fees is sufficient to put an opposing party on notice even if the specific statutory or contractual basis is not set forth. Id. at 378. Specifically, the Court held “that the specific statutory or contractual basis for a claim for attorney’s fees need not be specifically pled, and that failure to plead the basis of such a claim will not result in waiver of the claim.” Id.[2]
We hold that the trial court erred in denying Lopez’s Motion for Reconsideration and in concluding it could not apply Texas law. Lopez included a claim for attorney’s fees in the operative complaint sufficient to put State Farm on notice that Lopez would seek fees upon rendition of a judgment in his favor. We accordingly reverse and remand for the trial court to hold a hearing to determine the applicability of Texas law to Lopez’s claim for attorney’s fees.
Reversed and remanded for proceedings consistent with this opinion.

. In Murray, the Fourth District affirmed an award of attorneys’ fees under section 627.428. Murray, like the instant case, involved an accident in Florida and a policy that was issued and delivered outside the state of Florida. Murray, like the instant case, involved an insurer who confessed judgment by way of payment of the claim. Unlike the instant case, however, in Murray the parties stipulated to the application of Florida law. In the absence of any such stipulation below, Murray is inapplicable on this issue. We note that neither party briefed or argued whether the express acceptance of the statutory benefits of Florida’s proposal for settlement provision (section 768.79, Florida Statutes (2011)) constitutes a waiver of any right to contest application of Florida law to the issue of attorney’s fees.

. We also note that State Farm asserted, both in its answer and affirmative defenses to the amended complaint, and in its motion to strike Lopez’s attorney’s fees claim, that Texas law applied. It is difficult to envision under these circumstances how State Farm could assert that it was not on notice, or was unfairly surprised, that Lopez might seek attorney’s fees under Texas law.