DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**THOMAS MCARDLE,**
Appellant,

v.

**COURTNEY MCARDLE,**
Appellee.

No. 4D22-346

[January 11, 2023]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Scott Kerner, Judge; L.T. Case No. 50-2018-DR-007572-XXXX-SB (FZ).

Amy Wessel Jones of Shutts & Bowen LLP, Fort Lauderdale, and Jennifer E. Reisler of Shutts & Bowen LLP, West Palm Beach, for appellant.

Gina M. Szapucki and Eddie Stephens of Stephens & Stevens, PLLC, West Palm Beach, for appellee.

LEVINE, J.

The husband moved to compel an inventory of the marital home in accordance with a marital settlement agreement. Due to the wife's refusal to allow a complete inventory of the home, the husband sought attorney's fees. The husband based his fee request on section 61.16, Florida Statutes (2021), and the court's inherent authority under the inequitable conduct doctrine. The trial court took exception to the magistrate's findings, which had awarded the husband fees under the marital settlement agreement, and held that the husband was not entitled to attorney's fees. We disagree.

We find that the husband's citation to section 61.16, instead of the marital settlement agreement, still gave the wife notice that he sought attorney's fees in this case. We find that, in these circumstances, "the specific statutory or contractual basis for a claim for attorney's fees need not be specifically pled, and that failure to plead the basis of such a claim will not result in waiver of the claim." *Caufield v. Cantele*, 837 So. 2d 371, 378 (Fla. 2002). Thus, we reverse.

Following a petition for dissolution of marriage, the parties entered into an agreed upon marital settlement agreement. The agreement called, in part, for the parties to conduct an inventory of the marital home within thirty days. The agreement also contained a fee provision in paragraph 8.12, requiring any party who defaults under the agreement to reimburse the non-defaulting party for the expenses he or she incurred in enforcing the agreement.

The husband later filed a motion to compel a complete inventory of the marital home, arguing that the wife had prevented him from completing the inventory as it was contemplated in the marital settlement agreement. In the motion to compel, the husband requested an award of attorney's fees and costs pursuant to section 61.16, Florida Statutes (2021), and the trial court's inherent authority under the inequitable conduct doctrine.

The general magistrate conducted a hearing on the motion to compel and took judicial notice of the marital settlement agreement. The magistrate found that the wife had prevented the husband from completing the inventory of the marital home and granted his motion to compel. In ruling on the husband's motion for fees, the magistrate noted that the husband did not initially request fees pursuant to the marital settlement agreement. However, the magistrate held, using the rationale in *Caufield*, that the husband's request for fees under two categories did not preclude the husband from later requesting fees under a third category, in this case the default fee provision of the marital settlement agreement. The magistrate recommended that the trial court award the husband attorney's fees pursuant to the default fee provision in the marital settlement agreement.[1]

The trial court disagreed that the husband was entitled to fees, finding that the husband's request did not fall under the precedent of *Caufield* because the husband had made a specific request for fees and not a general request. The trial court held that a general request for fees would have put the wife on notice of fees under the default fee provision, but the specific request did not. Thus, the husband was not awarded fees in connection with this matter. This appeal follows.

---

[1] The magistrate calculated $22,178.50 in attorney's fees. Both parties later conceded that the magistrate erred in calculating the fees, and both parties agreed that $19,429.50 was the amount of fees that should be awarded if there was an entitlement to fees.

We review de novo an order on attorney's fees which is based on the interpretation of the law. *O'Malley v. Freeman*, 241 So. 3d 204, 206 (Fla. 4th DCA 2018).

We start our analysis with *Stockman v. Downs*, 573 So. 2d 835, 836 (Fla. 1991), which noted past case law, including early Florida cases, holding that "a claim for attorney's fees should be pled specifically." Instead, the court concluded the "better view" was that "a claim for attorney's fees, whether based on statute or contract, must be pled." *Id.* at 837. The *Stockman* court was primarily concerned with notice to the opposing party. *Id.*

The *Stockman* court noted an exception to the general rule occurs when "a party has *notice* that an opponent claims entitlement to attorney's fees, and by its conduct recognizes or acquiesces to that claim or otherwise fails to object." *Id.* at 838 (emphasis added). In these limited circumstances, that party "waives any objection to the failure to plead a claim for attorney's fees." *Id.* Both the exception and general rule in *Stockman* turn on whether the opposing party was sufficiently *noticed* of a claim for attorney's fees.

In *Caufield*, the Florida Supreme Court clarified that when making a claim for attorney's fees, "the specific statutory or contractual basis for a claim for attorney's fees need not be specifically pled, and that failure to plead the basis of such a claim will not result in waiver of the claim." 837 So. 2d at 378. The Caufields did not enumerate a specific statutory or contractual basis for attorney's fees in their pleadings, and instead made only "a general prayer for attorney's fees in the wherefore clause[]." *Id.* at 373.

The *Caufield* court recognized that "*Stockman* does not expressly require a specific pleading of the statutory or contractual basis of a claim for attorney's fees." *Id.* at 377. *Caufield* held "that the specific statutory or contractual basis for a claim for attorney's fees need not be specifically pled, and that failure to plead the basis of such a claim will not result in waiver of the claim." *Id.* at 378; *see also Parker v. Bd. of Trs. of City Pension Fund for Firefighters & Police Officers in City of Tampa*, 149 So. 3d 1129, 1134 (Fla. 2014) (holding that the claimant was not required to specify the statutory ground he sought attorney's fees under and that a general claim for "plaintiff's costs and attorney's fees" was sufficient under *Caufield*). The Florida Supreme Court specifically declined to extend the holding of *Stockman* "to impose a stricter requirement for pleading a claim for attorney's fees." *Caufield*, 837 So. 2d at 378. In *Caufield*, the Florida

Supreme Court reiterated that "the fundamental concern of the pleading requirement is notice." *Id.* at 377.

Thus, the question we must address is whether the husband's pleading of section 61.16 for recovery, instead of paragraph 8.12 of the marital settlement agreement, satisfied the fundamental notice concern of *Stockman* and *Caufield*.[2] Stated otherwise, we must determine whether the wife was given sufficient notice that the husband was seeking attorney's fees in this case. We find that the husband gave sufficient notice of his request for attorney's fees, where the motion to compel sought a complete inventory of the former marital home in accordance with the marital settlement agreement, the wife was a signatory to the marital settlement agreement, and the trial court judicially noticed the marital settlement agreement.

In the context of a family law case, the husband's reliance on section 61.16, instead of the correct provision of paragraph 8.12 of the marital settlement agreement, still gave notice to the wife. The specific provision relied on for attorney's fees is not required under the progeny of *Stockman* and *Caufield*. Thus, the failure to rely on the specific provision, in this case paragraph 8.12 of the marriage settlement agreement, is not fatal to the request for attorney's fees. Further, citing to section 61.16, a provision for attorney's fees in dissolution actions, within the context of a family law related case, would still provide the required notice that an opposing party was seeking attorney's fees.

The Third District's decision in *Lopez v. State Farm Mutual Automobile*, 139 So. 3d 402 (Fla. 3d DCA 2014), demonstrates how citing a similar provision as a basis for an attorney's fee award can sufficiently notice an opposing party. The insured in *Lopez* filed suit for breach of insurance contract and sought fees in his complaint pursuant to chapter 627 and section 57.105, Florida Statutes. *Id.* at 403. After determining that Texas law applied to the case and not Florida law, the insured sought fees under the Texas statute comparable to chapter 627, Florida Statutes, for awarding attorney's fees in insurance disputes. *Id.* Reasoning that "notice is the fundamental concern" when pleading for attorney's fees, the Third District held that the claim for attorney's fees in the insured's complaint was sufficient to put the insurer on notice that the insured would seek fees if he prevailed. *Id.* at 405. Similarly in this case, citing section 61.16,

---

[2] This question has been brought to this court twice before. *Dickson v. Heaton*, 87 So. 3d 81, 84 (Fla. 4th DCA 2012); *Van Vechten v. Anyzeski*, 157 So. 3d 350, 355 (Fla. 4th DCA 2015). Because those cases were decided on other issues, this court has not yet reached this question.

which allows a party requesting enforcement of a dissolution-related court order to seek fees from the other party, put the wife on notice that the husband would seek an award of attorney's fees if legal action was required to compel the wife's compliance with the final judgment of dissolution of marriage.

It is important to note that the Florida Supreme Court in *Caufield* held the Fifth District's reliance on *United Pacific Insurance Co. v. Berryhill*, 620 So. 2d 1077 (Fla. 5th DCA 1993), to be in error. *Berryhill* had concluded that "[i]n order to be entitled to attorney's fees, a party seeking them must plead the correct entitlement." 620 So. 2d at 1079. *Caufield* later stated that the Fifth District's reliance on *Berryhill*, "where it had previously held that *Stockman* requires a party to plead the 'correct entitlement' to attorney's fees," was incorrect, and concluded that there is no requirement of a specific pleading of the statutory or contractual basis of a claim for attorney's fees. 837 So. 2d at 377.

The errant holding in *Berryhill* is essentially the wife's argument, that the husband relied on the incorrect entitlement, section 61.16, and not the marital settlement agreement. We decline the wife's request to reapply the essential holding of *Berryhill* under the facts of this case where the wife was sufficiently noticed of the husband's claim for attorney's fees.[3] *See Clay Hotel P'ship, Ltd. v. Tokio Marine Kiln Syndicate 1880*, 21-20058-CV, 2021 WL 6135140, at \*3 (S.D. Fla. Mar. 22, 2021) (holding that under federal law, where pleading for attorney's fees is not required at all, pleading for attorney's fees based on an incorrect basis does not preclude recovery on another basis); *see also Life Changing Ministries, Inc. v. Canopius US Ins., Inc.*, 5:15-CV-59-OC-30PRL, 2016 WL 6947341, at \*4 n.2 (M.D. Fla. Nov. 28, 2016) ("Even under Florida procedural law, the Court believes LCM's failure to plead the correct statute would not have been a bar since 'the specific statutory or contractual basis for a claim for attorney's fees need not be specifically pled, and . . . failure to plead the basis of such a claim will not result in waiver of the claim.' *Caufield v. Cantele,* 837 So. 2d 371, 378 (Fla. 2002).").

Under this set of facts, where the wife was a signatory to the marital settlement agreement, the marital settlement agreement was judicially noticed, and the husband did state a claim for fees in his motion to compel,

---

[3] The wife relies in part on *Lenahan v. Lenahan*, 327 So. 3d 353 (Fla. 3d DCA 2021); however, *Lenahan* is inapplicable because the operative question was whether the *Stockman* exception to pleading applied where a party has notice of an opponent's claim for attorney's fees and the party's actions or inactions show acquiescence to the fee claim.

the husband's pleading under an incorrect ground is not fatal to his claim for attorney's fees.  We find that the husband gave the wife sufficient notice that he sought attorney's fees in this case.  Thus, we reverse and remand to the trial court for an award of attorney's fees and costs to the husband.

*Reversed and remanded with instructions.*

GROSS and CONNER, JJ., concur.

*      *      *

***Not final until disposition of timely filed motion for rehearing.***