# Supreme Court of Florida

_____

No. SC13-890
_____

**JOHN N. PARKER, etc.,**
Petitioner,

vs.

**THE BOARD OF TRUSTEES OF THE CITY PENSION FUND FOR FIREFIGHTERS & POLICE OFFICERS IN THE CITY OF TAMPA,**
Respondent.

[October 23, 2014]

PER CURIAM.

In this case, we consider whether the prevailing party attorney's fees provisions in sections 175.061(5) and 185.05(5), Florida Statutes (2004), apply to lawsuits brought to obtain benefits under a firefighter and police officer pension plan established by local law. In <u>Board of Trustees of the City Pension Fund for Firefighters & Police Officers in the City of Tampa v. Parker</u>, 113 So. 3d 64, 67 (Fla. 2d DCA 2013), the Second District Court of Appeal rejected the claim of the petitioner here that he and others similarly situated were entitled to prevailing party attorney's fees under those statutory attorney's fees provisions as prevailing parties in a lawsuit to obtain benefits claimed by them under their local law pension plan.

The court concluded that the local law plan "is not part of the general statutory construct of chapters 175 and 185," and consequently, the petitioner's attorney's fees were to be paid from the settlement proceeds. Bd. of Trustees, 113 So. 3d at 67-68. The Second District certified the following question on which it passed as one of great public importance:

> ARE THE PREVAILING PARTY ATTORNEY'S FEES PROVISIONS OF SECTIONS 175.061(5) AND 185.05(5), FLORIDA STATUTES, APPLICABLE TO JUDICIAL PROCEEDINGS TO ENFORCE CLAIMS UNDER LOCAL LAW[] PLANS OR SPECIAL ACTS?

Id. at 70. We have jurisdiction. See art. V, § 3(b)(4), Fla. Const.

We restate the certified question as follows because a firefighter or police officer pension plan enacted by special act is a local law plan.

> ARE THE PREVAILING PARTY ATTORNEY'S FEES PROVISIONS OF SECTIONS 175.061(5) AND 185.05(5), FLORIDA STATUTES, APPLICABLE TO JUDICIAL PROCEEDINGS TO ENFORCE CLAIMS UNDER LOCAL LAW PLANS?

For the reasons we explain, we answer the restated certified question in the affirmative, quash the Second District's decision, and remand this case for proceedings consistent with this opinion.

## I. BACKGROUND

Chapters 175 and 185 respectively establish minimum benefits and minimum standards for firefighter pensions and municipal police pensions. Both

- 2 -

chapters also specifically contemplate and authorize local law pension plans—whether enacted by local ordinance or by special act of the Legislature—that provide greater benefits for pensions than those required by the statutory provisions.

The City of Tampa opted for a local law pension plan for its firefighters and police officers, which was adopted by a special act of the Legislature and provides greater benefits than the minimum benefits required by chapters 175 and 185. See ch. 2001-288, Laws of Fla. Under the City of Tampa's pension plan in effect in 2004, certain retired firefighters and police officers were entitled to benefits under the plan's "13th Check Program." Id. at § 27.

John Parker, a retired City of Tampa firefighter, filed a class action complaint against the Board of Trustees of the City Pension Fund for Firefighters and Police Officers in the City of Tampa (Board) in the Circuit Court of the Thirteenth Judicial Circuit, claiming that the Board had failed to pay eligible beneficiaries their 13th check benefit for the fiscal year ending September 30, 2004. Parker's complaint included a request for attorney's fees.

Upon further review, the Board concluded that it erroneously failed to pay the 13th check benefit for the fiscal year ending September 30, 2004. Following its review, the Board paid eligible retirees $5700 and eligible surviving spouses $2850 under the 13th Check Program. Parker and the Board subsequently agreed

to a settlement in which class members received the remaining outstanding principal payments that they were entitled to under the 13th Check Program and interest on the amounts not timely paid. The trial court approved the class action settlement and specifically determined that the Board's failure to pay the 13th check benefit was a result of its erroneous interpretation of the pension contract and applicable law.

The trial court determined that Parker and others similarly situated are "entitled to recover from the defendant Board of Trustees of the City Pension Fund for Firefighters and Police Officers in the City of Tampa [their] taxable costs and reasonable attorneys' fees, because this case was brought 'under or pursuant to the provisions of' Chapters 175 and 185, Florida Statutes." Parker v. Bd. of Trustees of the City Pension Fund for Firefighters & Police Officers in the City of Tampa, No. 07-007198 (Fla. 13th Cir. Ct. order filed Mar. 4, 2010). Alternatively, the court also found that Parker and others similarly situated are entitled to recover their taxable costs and reasonable attorney's fees from the Board under the "substantial benefit" doctrine because the "action was of benefit to both the plaintiff class and defendant in that it corrected a misinterpretation of the pension plan and caused the distribution of benefits which had been erroneously withheld contrary to the terms of the plan." Id. Following an evidentiary hearing, the trial court determined that Parker is entitled to recover from the Board attorney's fees in

- 4 -

the amount of $1,026,610.  Parker v. Bd. of Trustees of the City Pension Fund for Firefighters & Police Officers in the City of Tampa, No. 07-007198 (Fla. 13th Cir. Ct. order filed Sept. 2, 2011).

The Board appealed the trial court's decision to the Second District, challenging Parker's entitlement to attorney's fees as well as the amount of the fees.  The Second District upheld the amount of attorney's fees awarded by the trial court, but it reversed the trial court's decision to require the payment of the fees by the Board.  Bd. of Trustees, 113 So. 3d at 66.  The Second District concluded that chapters 175 and 185 do not apply to the attorney's fees award in this case "because this litigation challenges the Board's payments under the Special Law's 13th check program, which is unique to the City of Tampa."  Id. at 67.  The district court reasoned that "[t]he Special Law is not part of the general statutory construct of chapters 175 and 185."  Id.  The court explained that it was "not persuaded that the Florida Legislature intended that a unique program, established solely by a special law specific to one jurisdiction, be controlled by an attorney's fee provision found in a regimen governing pension funds statewide."  Id.  The Second District also concluded that the trial court erred when it awarded Parker attorney's fees under the substantial benefit doctrine.  Id. at 68.  Instead, the Second District concluded that the common fund doctrine applied—resulting in Parker's attorney's fees being paid out of the settlement proceeds—because

"[b]oth elements that implicate use of the common fund doctrine are met in this case: the presence of a fund and a pecuniary benefit to a party." Id. at 69.

In the analysis that follows, we examine the governing statutory provisions and answer the restated certified question in the affirmative. We also address the Board's claim that Parker failed to sufficiently plead his entitlement to attorney's fees.

## II. ANALYSIS

Whether a party is entitled to statutory attorney's fees is a matter of statutory interpretation, which this Court reviews de novo. See Diamond Aircraft Indus., Inc. v. Horowitch, 107 So. 3d 362, 367 (Fla. 2013). In Diamond Aircraft, this Court explained that:

> Legislative intent is the polestar that guides our analysis regarding the construction and application of the statute. See Bautista v. State, 863 So. 2d 1180, 1185 (Fla. 2003). Our statutory analysis begins with the plain meaning of the actual language of the statute, as we discern legislative intent primarily from the text of the statute. See Heart of Adoptions, Inc. v. J.A., 963 So. 2d 189, 198 (Fla. 2007). If statutory language is "clear and unambiguous and conveys a clear and definite meaning, there is no occasion for resorting to the rules of statutory interpretation and construction; the statute must be given its plain and obvious meaning." Holly v. Auld, 450 So. 2d 217, 219 (Fla. 1984) (quoting A.R. Douglass, Inc. v. McRainey, 137 So. 157, 159 (Fla. 1931)). . . . It is also well-established in Florida that a statute that awards attorney's fees is in derogation of the common law rule that each party pay its own attorney's fees and must be strictly construed. See Willis Shaw Express, Inc. v. Hilyer Sod, Inc., 849 So. 2d 276, 278 (Fla. 2003).

107 So. 3d at 367.

Although the pension plan at issue here is a local law plan created by special act of the Legislature, that plan exists within and is subject to the framework for local law plans established in chapters 175 and 185. The prevailing party attorney's fees provisions of sections 175.061(5) and 185.05(5) are an integral part of that statutory framework.

Section 175.061, Florida Statutes (2004), provides with respect to firefighter pensions:

> For any municipality, special fire control district, chapter plan, local law municipality, local law special fire control district, or local law plan under this chapter:
> . . . .
> (4) Each board of trustees shall be a legal entity with, in addition to other powers and responsibilities contained herein, the power to bring and defend lawsuits of every kind, nature, and description.
> (5) In any judicial proceeding or administrative proceeding under chapter 120 brought under or pursuant to the provisions of this chapter, the prevailing party shall be entitled to recover the costs thereof, together with reasonable attorney's fees.
> (6) The provisions of this section may not be altered by a participating municipality or special fire control district operating a chapter plan or local law plan under this chapter.

Section 185.05, Florida Statutes (2004), sets out substantively identical provisions regarding municipal police pensions.

With respect to firefighter pensions, section 175.032(11), Florida Statutes (2004), defines "[l]ocal law plan" as

> a defined benefit pension plan for firefighters, or for firefighters or police officers where included, as described in s. 175.351, established

> by municipal ordinance, special district resolution, or special act of the Legislature, which enactment sets forth all plan provisions. Local law plan provisions may vary from the provisions of this chapter, provided that required minimum benefits and minimum standards are met. Any such variance shall provide a greater benefit for firefighters. Actuarial valuations of local law plans shall be conducted by an enrolled actuary as provided in s. 175.261(2).

Section 185.02(10), Florida Statutes (2004), contains a substantively identical definition of "local law plan" for municipal police pensions.

Sections 175.032(11) and 185.02(10) authorize the establishment of local law plans by local ordinance or by special act of the Legislature and provide that such local law plans may not grant lesser pension benefits than the minimum benefits required by chapters 175 and 185, respectively. Section 175.061(5) and 185.05(5) state that the prevailing party is entitled to attorney's fees in "any judicial proceeding . . . brought under or pursuant to the provisions of" chapters 175 and 185, respectively.

Section 175.061(6) and section 185.05(7) contain prohibitions on the alteration of any of the general governance provisions in those statutory sections. Among those provisions that are subject to the prohibition on alteration are the prevailing party attorney's fees provisions of sections 175.061(5) and 185.05(5). Those fees provisions thus are integral to the overall framework established by the Legislature. Sections 175.061(5) and 185.05(7) point to a legislative design to ensure the availability of the prevailing party attorney's fees.

Parker sued the Board when it failed to pay benefits under the plan's 13th Check Program. Parker claimed that the Board, which is statutorily created and has exclusive responsibility for administering the pension plan, breached the pension contract and violated chapter 2001-288, Laws of Florida, a law enacted by special act of the Legislature as authorized by chapters 175 and 185. The Board ultimately settled Parker's class action complaint by paying the 13th check benefit along with interest.

The Board asserts that since the 13th check benefit is not a benefit specifically required by chapters 175 and 185, Parker's claim cannot be considered a claim brought "under or pursuant to the provisions of" chapters 175 and 185. The Board's argument is based on an interpretation of the statutory attorney's fees provisions that is unreasonably narrow. The Board reads the attorney's fees provisions as though they cover only claims brought for violations of the provisions of chapters 175 and 185. But the Legislature chose broader language.

Pursuant to means "(1) in accordance with; (2) under; (3) as authorized by; or (4) carrying out." Bryan A. Garner, A Dictionary of Modern Legal Usage 721 (2d ed. 1995). We conclude that in this context—given that the local plans exist and operate within the framework established by chapters 175 and 185—Parker's claim regarding the 13th check benefit was a claim "pursuant to the provisions of" chapters 175 and 185.

We reject the Board's argument that Parker's complaint failed to sufficiently plead a claim for attorney's fees. Parker's complaint pleaded a claim for "plaintiff's costs and attorney's fees." In Caufield v. Cantele, this Court held "that the specific statutory or contractual basis for a claim for attorney's fees need not be specifically pled, and that failure to plead the basis of such a claim will not result in waiver of the claim." 837 So. 2d 371, 378 (Fla. 2002). The Court explained "that merely pleading a claim for attorney's fees is sufficient to notify the opposing party and allow it to consider the claim in a decision on whether to proceed." Id. at 377-78 (citing Stockman v. Downs, 573 So. 2d 835, 837 (Fla. 1991)). Therefore, Parker was not required to specify that he was seeking attorney's fees under sections 175.061(5) and 185.05(5), and his complaint pleaded a claim for attorney's fees with sufficient specificity.

## III. CONCLUSION

We therefore conclude that Parker is entitled to prevailing party attorney's fees under sections 175.061(5) and 185.05(5). We answer the restated certified question in the affirmative, quash the decision of the Second District Court of Appeal, and remand this case for proceedings consistent with this opinion.

It is so ordered.

LABARGA, C.J., and PARIENTE, LEWIS, QUINCE, POLSTON, and PERRY, JJ., concur.
CANADY, J., dissents with an opinion.

- 10 -

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION, AND IF FILED, DETERMINED.

CANADY, J., dissenting.

I agree with the Second District Court of Appeal's conclusion that the statutory prevailing party attorney's fees provisions are not applicable to proceedings brought to enforce a claim for local pension plan benefits that are not required benefits under chapters 175 and 185, Florida Statutes (2004). Accordingly, I dissent.

To reflect the facts presented by this case, I would rephrase the certified question as follows:

> ARE THE PREVAILING PARTY ATTORNEY'S FEES PROVISIONS OF SECTIONS 175.061(5) AND 185.05(5), FLORIDA STATUTES, APPLICABLE TO JUDICIAL PROCEEDINGS TO ENFORCE CLAIMS FOR BENEFITS UNDER A LOCAL LAW PLAN THAT ARE NOT REQUIRED BENEFITS UNDER CHAPTERS 175 AND 185, FLORIDA STATUTES?

I would answer this rephrased question in the negative and approve the decision reached by the Second District.

The prevailing party attorney's fee provisions in section 175.061(5), Florida Statutes (2004), and section 185.05(5), Florida Statutes (2004), cover only proceedings "brought under or pursuant to the provisions of" chapters 175 and 185. The claim at issue here—a claim exclusively based on the "13th Check Program" provided for in Tampa's local law plan—is not a claim "brought under or pursuant

- 11 -

to the provisions of" chapters 175 and 185. Benefits under the 13th Check Program are not benefits required under any provision of chapters 175 and 185. Entitlement to benefits under the 13th Check Program is not dependent upon any provision in chapters 175 and 185. It cannot reasonably be said that a claim is "brought under or pursuant to" particular statutory provisions if the establishment of the claim does not require reference to those statutory provisions.

It is true that Tampa's local law plan—like any other local law plan—exists within the framework established by chapters 175 and 185. But that does not settle the question at issue here. Although the local law plan may exist "under or pursuant to" chapters 175 and 185, it does not follow that all claims regarding benefits under the local law plan are claims "brought under or pursuant to the provisions of" chapters 175 and 185. A particular provision of law may come into existence by authorization of a higher law, but claims to enforce the particular provision are not said to be claims brought "under or pursuant to" the higher law. The phrase "under or pursuant to" requires a direct connection between the claim brought and the specific legal basis for establishing the claim.

The Legislature could very well have provided that prevailing party attorney's fees would be available in all proceedings brought regarding benefits under firefighter and police officer pension plans. Instead, the Legislature adopted

the more narrowly focused fee provisions of sections 175.061(5) and 185.05(5).  It

is not the province of the courts to expand the scope of these statutory provisions.

Application for Review of the Decision of the District Court of Appeal - Certified
Great Public Importance

      Second District - Case No. 2D11-4825

      (Hillsborough County)

Katherine Eastmoore Giddings and Kristen Marie Fiore of Akerman Senterfitt,
Tallahassee, Florida, and Gerald Barnette Cope, Jr. of Akerman Senterfitt, Miami,
Florida, and Wayne Lee Thomas of Akerman Senterfitt, Tampa, Florida,

      for Petitioner

Patrick H. Gonyea of the Law Offices of Patrick H. Gonyea, P.A., Davie, Florida,
and Bruce S. Rogow and Tara A. Campion of Bruce S. Rogow, P.A., Fort
Lauderdale, Florida,

      for Respondent