# Third District Court of Appeal

## State of Florida

Opinion filed October 30, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-0935
Lower Tribunal No. 12-26207-SP-25
_____

**United Automobile Insurance Company,**
Appellant,

vs.

**Coral Gables Chiropractic PLLC,**
**a/a/o Johander Santa C. Hernandez,**
Appellee.


An Appeal from the County Court for Miami-Dade County, Patricia Marino Pedraza, Judge.

Boyd & Jenerette, P.A., and Lara J. Edelstein (Boca Raton), for appellant.

George A. David, P.A., and George A. David, for appellee.

Before LOGUE, C.J., and EMAS, and SCALES, JJ.

SCALES, J.

In this PIP appeal, United Automobile Insurance Company ("United Auto"), the defendant below, appeals a judgment awarding $124,000 in attorney's fees ("fee judgment") to the plaintiff below, Coral Gables Chiropractic PLLC, as assignee of Johander Santa C. Hernandez ("Provider"). The discrete issue on appeal is whether, as a matter of statutory construction, United Auto's payment to Provider – made within thirty days of Provider's pre-suit demand letter – of all but $104.55 in statutory interest constituted payment of the "claim," as contemplated in section 627.736(10)(d) of the Florida Statutes (2012), thereby precluding Provider from recovering attorney's fees in this action seeking only the unpaid statutory interest. Agreeing with our sister court[1] that, pursuant to the plain and unambiguous language of section 627.736(10)(d), a PIP insurer's payment of all but the statutory interest demanded in a claimant's pre-suit demand letter precludes the claimant from recovering attorney's fees, we reverse the challenged fee judgment.

## I.  Background Facts

Johander Santa C. Hernandez, United Auto's insured, was injured in a March 2012 automobile accident and received medical treatments from

---

[1] See S. Fla. Pain & Rehab of W. Dade v. Infinity Auto Ins. Co., 318 So. 3d 6 (Fla. 4th DCA 2021).

Provider between March 13, 2012, and June 4, 2012. On receiving an assignment of benefits from Hernandez, Provider submitted bills for Hernandez's medical treatments to United Auto, seeking payment of PIP benefits under Hernandez's automobile insurance policy. United Auto issued payments for some, but not all, of the medical bills.

On October 15, 2012, Provider sent United Auto a pre-suit demand letter,[2] requesting payment from United Auto for the unpaid medical bills for Provider's treatment of Hernandez, the accrued statutory interest on those bills,[3] postage costs, and a ten percent penalty. In response to Provider's pre-suit demand letter, on November 8, 2012, United Auto tendered

---

[2] Section 627.736(10)(a), governing demand letters, provides as follows:

> As a condition precedent to filing any action for benefits under this section, the insurer must be provided with written notice of an intent to initiate litigation. Such notice may not be sent until the claim is overdue, including any additional time the insurer has to pay the claim pursuant to paragraph (4)(b).

§ 627.736(10)(a), Fla. Stat. (2012). PIP benefits become "overdue if not paid within 30 days after the insurer is furnished written notice of the fact of a covered loss and of the amount of same." § 627.736(4)(b), Fla. Stat. (2012).

[3] Overdue PIP benefits "bear simple interest at the rate established under s. 55.03 or the rate established in the insurance contract, whichever is greater, for the quarter in which the payment became overdue, calculated from the date the insurer was furnished with written notice of the amount of covered loss." § 627.736(4)(d), Fla. Stat. (2012).

payments to Provider that purported to recompense Provider for the amounts sought in Provider's demand letter.

On November 20, 2012, Provider filed the instant PIP action against United Auto in the small claims division of the Miami-Dade court. Provider's statement of claim alleged that United Auto had failed to pay the proper amounts due and owing for the overdue PIP claim under section 627.736, and, pursuant to section 627.428 of the Florida Statutes (2012),[4] sought attorney's fees from United Auto.

After many years of protracted litigation over the methodologies for calculating PIP benefits, the parties ultimately filed cross-motions for summary judgment wherein (i) Provider conceded that United Auto's

---

[4] The Florida Legislature repealed section 627.428, effective March 24, 2023. See Ch 2023-15, §11, Laws of Fla. Prior to its repeal, the statute provided, in relevant part:

> (1) Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of any named or omnibus insured or the named beneficiary under a policy or contract executed by the insurer, the trial court or, in the event of an appeal in which the insured or beneficiary prevails, the appellate court shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the suit in which the recovery is had.

§ 627.428(1), Fla. Stat. (2012). Section 627.428 was expressly made applicable to PIP actions by virtue of section 627.736(8) of the Florida Statutes (2012).

4

November 8, 2012 payments were for the correct amounts due and owing for all but the accrued statutory interest, and (ii) United Auto conceded that its November 8, 2012 payments had underpaid the statutory interest that was due and owing. On March 4, 2020, the trial court entered partial summary judgment in Provider's favor, finding United Auto liable to Provider for unpaid statutory interest. Based on United Auto's subsequent stipulation that United Auto owed Provider $104.55 in statutory interest, the trial court entered a June 5, 2021 final judgment for Provider in the stipulated amount of $104.55.

Provider then sought statutory attorney's fees and, over United Auto's objection to entitlement, the trial court entered a November 23, 2021 order determining that Provider was entitled to statutory attorney's fees based on section 627.428(1). United Auto subsequently stipulated as to the amount of fees, reserving its right to appeal the trial court's entitlement determination. On April 26, 2023, the trial court entered the challenged fee judgment that incorporated the court's prior fee entitlement determination and awarded Provider the stipulated amount of $124,000 in fees. United Auto timely appealed the fee judgment.

## II.    Analysis[5]

---

[5] "Whether a party is entitled to statutory attorney's fees is a matter of statutory interpretation, which this [c]ourt reviews de novo." Heid v. Fla. Ins. Guar. Ass'n, 311 So. 3d 94, 96 (Fla. 2d DCA 2020) (quoting Parker v. Bd. of

5

This appeal requires us to construe section 627.736(10)(d) of the Florida Statutes (2012), a discrete provision of the PIP statute relating to a claimant's litigation rights after having sent a PIP insurer the required pre-suit demand letter (referred to in the provision as the "notice"). The provision reads, in relevant part, as follows:

> (d) If, within 30 days after receipt of notice by the insurer, the overdue claim specified in the notice is paid by the insurer together with applicable interest and a penalty of 10 percent of the overdue amount paid by the insurer, subject to a maximum penalty of $250, no action may be brought against the insurer. . . . The insurer is not obligated to pay any attorney's fees if the insurer pays *the claim* . . . within the time prescribed by this subsection.

§ 627.736(10)(d), Fla. Stat. (2012) (emphasis added).

United Auto argues that, pursuant to the unambiguous language of the provision's last sentence, United Auto cannot be held liable for Provider's attorney's fees because United Auto paid the PIP "claim" on November 8, 2012, within thirty days of Provider's pre-suit demand letter. Whereas Provider argues, and the trial court held, that the word "claim" in the provision's last sentence should be broadly construed to include not only

---

Trs. of the City Pension Fund for Firefighters & Police Officers, 149 So. 3d 1129, 1132 (Fla. 2014)).

6

Provider's outstanding medical bills, but also the statutory interest and the ten percent penalty that an insurer must pay to avoid being subject to a legal action by the claimant.

Provider's argument disregards the construction and purpose of the statute. Under section 627.736(10)(d), the claimant is precluded from suing the insurer if, within thirty days of the claimant's pre-suit demand letter, the insurer pays the claimant's "overdue claim" (i.e., the medical bills) *plus* the interest and penalty. In other words, the claimant may file suit if the insurer fails to timely pay either the medical bills, the interest or the penalty. Further, if the claimant files a successful legal action to recover the overdue claim, the insurer is liable for the claimant's attorney's fees. Where, though, (i) the insurer pays the overdue claim within thirty days of the demand letter but fails to pay the interest and/or penalty, and (ii) the claimant files a successful legal action to recover the unpaid interest and/or penalty, then the insurer is not liable for the claimant's attorney's fees. Any other reading of the statute would be illogical and contradict the plain and unambiguous purpose of the statute.

Pursuant to the statute's plain language, United Auto was subject to Provider's lawsuit for United Auto's failure to pay the proper amount of statutory interest within thirty days of its receipt of Provider's pre-suit demand

7

letter. United Auto, though, was not obligated to pay Provider's attorney's fees because it paid the "claim" (i.e., the overdue medical bills) within those thirty days.

Our construction of the statute is not only consistent with the statute's plain text, but it also follows the analysis employed recently by our sister court in South Florida Pain & Rehabilitation of West Dade v. Infinity Auto Insurance Co., 318 So. 3d 6 (Fla. 4th DCA 2021). There, the Fourth District concluded, in an action to recover unpaid penalty and postage, that the insurer was not obligated to pay the provider's statutory attorney's fees where "[t]he insurer ultimately paid all the PIP benefits that the provider was due in the time allotted under the demand letter and available under the insured's policy[.]" Id. at 7.

Because United Auto paid Provider's overdue claim for Hernandez's PIP benefits within thirty days of Provider's pre-suit demand letter, United Auto is not obligated to pay attorney's fees in Provider's successful action to recover the unpaid statutory interest that accrued on the overdue claim. We, therefore, reverse the challenged fee judgment.

Reversed.