992 So.2d 434 (2008)
WINTTER & ASSOCIATES, P.A., Appellant,
v.
Terry KANOWSKY, Appellee.
No. 4D07-3148.
District Court of Appeal of Florida, Fourth District.
October 22, 2008.
*435 Christopher Q. Wintter of Wintter & Associates, P.A., Hollywood, for appellant.
No brief filed on behalf of appellee.
WARNER, J.
The trial court ordered a trustee and his attorney to pay attorney's fees incurred by the beneficiary in successfully challenging extraordinary attorney's fees charged by the trustee and his attorney against the estate. The law firm challenges the award, because the beneficiary never requested fees under a statute or contract pursuant to the rule of Stockman v. Downs, 573 So.2d 835 (Fla.1991). We agree that the beneficiary is not entitled to fees from the law firm without having requested the same in a pleading.[1]
In submitting the final accounting of his administration, the trustee of a testamentary trust included extraordinary attorney's fees and costs in connection with work to clear title to a parcel of property devised to him through the testator's will. The beneficiary objected to these fees. At the close of an evidentiary hearing on the objection, the beneficiary requested attorney's fees against the trustee and his attorney. The trial court determined that the trustee was not entitled to the extraordinary fees and costs and ordered the trustee and law firm to repay them to the estate. It also determined that the beneficiary was entitled to recover from the trustee and the law firm attorney's fees and costs incurred in pursuing her objection.
The trustee and law firm appealed, and this court affirmed the denial of the extraordinary attorney's fees, reversing only on an unrelated issue. Mercer v. Kanowsky, 917 So.2d 222 (Fla. 4th DCA 2005). Upon remand, the beneficiary again moved for fees. Over objection and after many hearings, the court awarded fees against the trustee and the law firm in equal amounts. The law firm appeals the award against it.
The law firm claims that the trial court erred in awarding attorney's fees *436 where they were not pled as required by Stockman v. Downs, 573 So.2d 835 (Fla. 1991), which held that a claim for attorneys fees, whether based on statute or contract, must be pled. Failure to do so constitutes a waiver of the claim. Id. at 837-38. The Stockman court based its decision on the need for appropriate notice and to prevent unfair surprise. Id. at 837. Further, the existence or non-existence of a motion for attorneys fees may play an important role in decisions whether to pursue a claim, dismiss it, or settle. Id. An exception to this rule applies [w]here a party has notice that an opponent claims entitlement to attorneys fees, and by its conduct recognizes or acquiesces to that claim or otherwise fails to object to the failure to plead entitlement, .... Id. at 838.
The beneficiary did not request attorney's fees in her objection to the final accounting. Admittedly her objection was not a pleading in the traditional sense, as it was not a complaint or answer. However, it was the first document she filed with the court in this action, and she did not request attorney's fees until her written closing argument. She requested fees not from the estate, but directly from the trustee and his attorney. Certainly, we think that the Stockman rationales of due process notice and prevention of surprise require her to reveal her intention to make such a claim.[2]
The exception to the Stockman rule does not apply, as neither the law firm nor the trustee waived its objection to the beneficiary's failure to plead entitlement to attorney's fees. The conduct of the law firm and trustee did not demonstrate acquiescence to the claim for fees. To the contrary, in the trustees own written closing argument the law firm objected to the request for attorneys fees on the grounds that it was not pled. At all times they objected to the assessment of attorneys fees.
Were these fees requested from the estate, Stockman might not apply. See In re Estate of Paris, 699 So.2d 301 (Fla. 2d DCA 1997). However, as noted, the beneficiary requested fees from the lawyer and trustee.
We reverse the final judgment assessing fees against the law firm and direct that the judgment be vacated as to it.
STONE and DAMOORGIAN, JJ., concur.
NOTES
[1] We consider the order awarding fees a final appealable order as to the amount and apportionment. The prior order which determined only entitlement was not appealable. Easley, McCaleb & Stallings, Ltd. v. Gibbons, 667 So.2d 988, 989 (Fla. 4th DCA 1996).
[2] We admit that we do not know on what legal basis fees were awarded to the beneficiary and against the law firm and trustee, nor does anything in the record elucidate this for us.