PER CURIAM.
 

 In this appeal, a trustee challenges an order requiring him to pay one half of the attorney’s fees the trust beneficiary incurred in challenging extraordinary attorney’s fees and costs the trustee had charged the estate. We reverse on the authority of our prior opinion,
 
 Wintter & Associates, P.A. v. Kanowsky,
 
 992 So.2d 434 (Fla. 4th DCA 2008).
 

 David Mercer was the trustee of a trust established by Blanche Heisch. The final accounting submitted by Mercer included extraordinary attorney’s fees and costs associated with clearing title to real property that Heisch’s will devised to Mercer personally. The trust beneficiary objected to the fees. At the close of the evidentiary hearing held to address the propriety of the fees and costs incurred by the trustee, the trust beneficiary sought, for the first time, to recover her own attorney’s fees. The trial court ordered Mercer and the law firm he had retained, Wintter & Associates, P.A., to reimburse the estate. The court further found that the trust beneficiary was entitled to recover her own attorney’s fees from the trustee and the law firm, but did not then address the amount of those fees. The trial court’s initial ruling, i.e., the propriety of the extraordinary fees incurred by the trustee, was appealed.
 
 [1]
 
 Such ruling was affirmed, but the case was reversed and remanded on an unrelated issue.
 
 See Mercer v. Kanoiuslcy,
 
 917 So.2d 222 (Fla. 4th DCA 2005).
 

 On remand, the trust beneficiary continued to pursue her claim for attorney’s fees. The trial court awarded fees to the beneficiary, establishing the amount of attorney’s fees and ordering Mercer and the law firm to each bear half of the same. Both the law firm and Mercer appealed.
 
 See Wintter &
 
 Assocs.,
 
 P.A.,
 
 992 So.2d at 434. The law firm argued, among other things, that the beneficiary was not entitled to fees as she had failed to plead them as required by
 
 Stockman v. Downs,
 
 573 So.2d 835 (Fla.1991). This court found merit in the law firm’s argument and reversed the fee award.
 
 See
 
 992 So.2d at 436. Mercer’s appeal of the fee award is now at issue, and he makes the same arguments that were advanced by the law firm. For the reasons expressed in our prior opinion, we reverse the fee award against Mercer and in favor of the trust beneficiary.
 

 Reversed and Remanded.
 

 STEVENSON, MAY and LEVINE, JJ., concur.
 

 [1]
 

 . Since the lower court had not yet determined the amount of the fees the beneficiary could recover from the trustee and the law firm, the court's ruling regarding the beneficiary's right to fees was not yet appealable.
 
 See Wintter & Assocs., P.A.,
 
 992 So.2d at 435 n. 1.