FARMER, J.
 

 A landlord sued a tenant for breach of a commercial lease. The lease provided for attorneys fees to the prevailing party. The tenant did not claim such fees in a pleading.
 
 [1]
 
 Before trial tenant filed several documents claiming attorneys fees as the putative prevailing party. We find that in this case its failure to formally plead fees was not fatal.
 

 The record shows that 10 days after the commencement of the action tenant filed a motion to dismiss the complaint, arguing that landlord’s failure to give a specific notice required by the lease barred its claim. The motion also claimed fees under the lease. Although tenant later abandoned any attempt to have the case dismissed by the motion, it did not withdraw its claim for attorneys fees. In later proceedings, tenant filed two memoranda with the court in which it argued its claim for fees.
 
 [2]
 
 Landlord’s Trial Brief did not object to these fee claims. Actually landlord never raised any objection to tenant’s claim to fees until after final judgment was entered.
 

 At the end of the bench trial, the parties were required to submit proposed forms of final judgment. Tenant’s form contained a provision awarding it attorneys fees. Landlord did not object to the proposed form of judgment or the provision awarding fees. In the end, the trial judge resolved the case in favor of tenant. The court found that landlord had in fact failed to give tenant the specific notice required by the lease. The final judgment found tenant entitled to fees under the lease provision.
 

 Landlord moved for rehearing. Under
 
 Stockman v. Downs,
 
 573 So.2d 835 (Fla.1991), it argued that tenant was not entitled to fees because of its failure to demand fees in a pleading. Tenant responded with the occasions in the record before trial in which it had claimed fees. Tenant also referred to a settlement offer it had made to landlord before trial in which it offered, among other things, to waive its claim for attorneys fees. But the trial court granted the motion and struck attorneys fees from the final judgment.
 

 At the outset, we reject landlord’s argument that the standard of review is abuse
 
 *297
 
 of discretion as to the precise issue raised in this appeal. The issue does not involve the discretion typically applied in reviewing the amount of fees.
 
 Stockman
 
 created a rule of procedure with an exception.
 
 [3]
 
 The only dispute here is entitlement to fees under the rule and its exception, a legal issue.
 
 [4]
 

 Stockman
 
 explained its limited exception for attorneys fees to be made in a pleading thus:
 

 “Where a party has notice that an opponent claims entitlement to attorney’s fees, and by its conduct recognizes or acquiesces to that claim or
 
 otherwise fails to object to the failure to plead entitlement,
 
 that party waives any objection to the failure to plead a claim for attorney’s fees.
 
 See, e.g., Brown v. Gardens by the Sea S. Condo. Ass’n,
 
 424 So.2d 181 (Fla. 4th DCA 1983) (defendant’s failure to raise entitlement to attorney’s fees until after judgment not fatal to claim where issue of attorney’s fees was raised at pretrial conference and plaintiffs pretrial statement listed defendant’s entitlement to fees as an issue);
 
 Mainlands of Tamarac by Gulf Unit No. Four Ass’n, Inc. v. Morris,
 
 388 So.2d 226 (Fla. 2d DCA 1980) (parties’ stipulation during trial that the question of attorney’s fees would be heard subsequent to final hearing would permit recovery of attorney’s fees despite failure to plead entitlement to fees).” [e.s.]
 

 573 So.2d at 838. Plainly the purpose of the
 
 Stockman
 
 rule is notice to the party having to pay such fees.
 
 [5]
 
 But if an adversary attempts to claim such fees without a pleading,
 
 Stockman
 
 pointedly requires the party who would oppose the fees to make a formal objection.
 

 One of the two examples cited by
 
 Stock-man
 
 illustrates application of the limited exception. Defendant’s failure in
 
 Brown v. Gardens by the Sea South Condominium Ass’n,
 
 424 So.2d 181 (Fla. 4th DCA 1983), to plead fees did not doom the claim where the party asserted a claim for fees at the pretrial conference and filed a pretrial statement listing entitlement to fees as an issue to be decided at trial. 424 So.2d at 183-84.
 

 An implicit rationale for
 
 Stockman’s
 
 exception — -and its concomitant requirement of objecting to an unpleaded claim — is that under the Rules of Civil Procedure the failure to object to a claim not pleaded may operate as a consent to amendment of the pleading to include the claim.
 
 [6]
 
 Under the circumstances, tenant was entitled un
 
 *298
 
 der rule 1.190(b) to have its pleading amended to claim fees and thus conform its pleading to the record of claiming such fees throughout the case.
 
 [7]
 
 If landlord desired to insist on a strict application of the
 
 Stockman
 
 rule and avoid its exception, it was necessary to object when tenant attempted to claim fees without a formal pleading.
 
 [8]
 

 We therefore conclude that it was error upon rehearing to strike the award of fees from the final judgment. We remand for the restoration of the award of fees in favor of the tenant. The trial court shall determine a reasonable fee for the tenant’s representation in the trial court and for this appeal.
 

 Reversed.
 

 CIKLIN, J. and LEBAN, MARK KING, J., Associate Judge, concur.
 

 [1]
 

 .
 
 See
 
 Fla. R. Civ. P. 1.100(a) (defining pleadings permitted in civil actions).
 

 [2]
 

 . Tenant’s Memorandum in opposition to landlord’s motion for default and possession claimed attorneys fees under the lease provision. Tenant’s Trial Brief requested judgment and an award of fees under the lease provision.
 

 [3]
 

 . The
 
 Stockman
 
 rule seems categorical. It is a very simple matter to comply with it.
 
 See Green v. Sun Harbor Homeowners Ass’n,
 
 685 So.2d 23, 25 (Fla. 4th DCA 1996) (general rule is an easy one).
 
 Stockman
 
 could have designed the rule without exceptions. As a reviewing court, we are reluctant to whittle away the force and effect of the rule by excusing noncompliance or enlarging the exception.
 

 [4]
 

 . Whether a claim falls under the rule or its exception presents a legal question.
 
 Hirschenson v. Hirschenson,
 
 996 So.2d 905, 907 (Fla. 4lh DCA 2008) (issue of entitlement to attorney's fees based on interpretation of statute is pure matter of law involving de novo review);
 
 Hinkley v. Gould Cooksey Fennell O’Neill Marine Carter & Hafner P.A.,
 
 971 sold 955, 956 (Fla. 5th DCA 2007) (when entitlement to attorney's fees is based on interpretation of contract or statute as a pure matter of law appellate court undertakes de novo review);
 
 Gibbs Constr. Co. v. S.L. Page Corp.,
 
 755 So.2d 787, 790 (Fla. 2d DCA 2000) (same);
 
 Allstate Ins. Co. v. Regar,
 
 942 So.2d 969, 971 (Fla. 2d DCA 2006) (same).
 

 [5]
 

 .
 
 Green v. Sun Harbor Homeowners’ Ass’n,
 
 685 So.2d 23, 24 (Fla. 4th DCA 1996) (“The primary focus of
 
 Stockman
 
 is actual notice of a claim for fees, not whether the notice had to take the form of a pleading, to the exclusion of a motion”).
 

 [6]
 

 .
 
 See
 
 Fla. R. Civ. P. 1.190(b) ("When issues not raised by the pleadings are tried by ex
 
 *298
 
 press or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment, but failure so to amend shall not affect the result of the trial of these issues");
 
 Brown,
 
 424 So.2d at 184 (failure to object to fees lulled party into believing claim for fees was alive and would be adjudicated).
 

 [7]
 

 .
 
 See also Rochlin v. Cunningham,
 
 739 So.2d 1215 (Fla. 4th DCA 1999) (motion for fees filed before ruling on motion to dismiss).
 

 [8]
 

 .
 
 See Wintter & Associates P.A. v. Kanowsky,
 
 992 So.2d 434 (Fla. 4th DCA 2008) (holding that written argument objecting to request for fees because fees had not been pleaded was sufficient to overcome exception).