GROSS, J.
This case arises from a land speculation deal in which several investors formed a limited liability company, 775 Vero Estates, to flip five contiguous waterfront lots. After the company sold two of the lots to the lending bank, the bank foreclosed on the lots 775 Vero still owned. What looked like a good opportunity during the real estate bubble gave way to market realities after the bubble burst. Having lost their investments and expected profits, several of 775 Vero’s limited partners instituted a derivative action against the managing partners, claiming breach of fiduciary duties and breach of personal guaranties. After a bench trial, the circuit court entered judgment in favor of the defendants. This case concerns two final judgments for attorney’s fees entered in favor of the defendants. We affirm, finding a waiver of any failure to plead entitlement to attorney’s fees.
The plaintiffs’ operative complaint pleaded entitlement to attorney’s fees under paragraph 14.10 of the operating agreement for the limited liability company. In their operative answer, the one group of defendants (the Heaton group) did not mention this prevailing party provision, but pleaded entitlement to attorney’s fees only under subsection 608.601(5), Florida Statutes, which provides for fees to the defendant in a derivative action “if [the court] finds that the proceeding was commenced without reasonable cause.” Another defendant (Newkirk) did not plead entitlement to attorney’s fees at all in his operative answer, although two of his motions to dismiss which were never ruled upon included a request for attorney’s fees.
In a joint pretrial stipulation, the parties listed the following as an issue for determination: “Whether any of the parties to this action are entitled to their reasonable costs and expenses incurred in connection with this action, including reasonable attorneys’ fees. The parties stipulate and agree that the determination of the amount of any award of reasonable attorneys’ fees will be reserved for a subsequent proceeding.”
Following the final judgment, Newkirk moved the court for attorney’s fees under subsection 608.601(5), arguing that the plaintiffs commenced the action without reasonable cause, and also under the offer-of-judgment statute, since he had made the plaintiffs an offer to settle for $5,000. The Heaton defendants also moved for an award of attorney’s fees. They pointed to subsection 608.601(5), the offer-of-judgment statute, and the prevailing party provision in the operating agreement.
In their response, the plaintiffs argued that the Heaton defendants did not plead the operating agreement as a ground for attorney’s fees in their answers and New-kirk did not plead entitlement at all, so that they waived their entitlement to recover attorney’s fees. For this proposition, the plaintiffs relied on Stockman v. Downs, 573 So.2d 835 (Fla.1991). New-kirk responded that Stockman created an exception to the rule that a party plead entitlement “[w]here a party has notice that an opponent claims entitlement to attorney’s fees, and by its conduct recognizes or acquiesces to that claim or other *83 wise fails to object to the failure to plead entitlement, that party waives any objection to the failure to plead a claim for attorney’s fees.” Id. at 838 (citations omitted). He argued that the plaintiffs had the notice under Stockman because he asserted entitlement to attorney’s fees in some of the motions he filed and the joint pretrial stipulation said attorney’s fees would be considered later. The Heatons adopted this argument at the hearing.
Following the hearing, the trial court granted the defendants’ respective motions for fees. The court first found that the Heaton defendants had not complied with the offer-of-judgment statute and the plaintiffs had good cause to commence the lawsuit, but it declined to address whether Newkirk’s offer of $5,000 was made in good faith. It declined to do so because it found both sets of defendants entitled to fees under the operating agreement. The court wrote:
All parties were aware of the Operating Agreement of 775 Vero Estates, LLC and its provision regarding attorneys’ fees. The Plaintiffs were also aware of the Heaton Defendants and Newkirk’s intention to claim attorneys’ fees if they prevailed in this action from the content of the joint pretrial statement as well as from the Heaton Defendants’ Answer to the Second Amended Complaint, the Newkirk Motion to Dismiss the Amended Derivative Complaint, and the New-kirk Motion to Dismiss the Second Amended Derivative Complaint that they had earlier filed in this action, and the Heaton Defendants’ Motion to Dismiss in Dickson, et al. v. Heaton, et al., Case No. 50 2008 CA 035010 (15th Jud. Cir., Palm Beach County, Fla.). Therefore, the Court finds that the Heaton Defendants and Newkirk are entitled to an award of reasonable attorneys’ fees and costs pursuant to the terms of the Operating Agreement of [the limited liability company].
Three Supreme Court cases set the parameters for the pleading requirement necessary for a party to recover attorney’s fees in a civil action. Stockman held that “a claim for attorney’s fees, whether based on statute or contract, must be pled. Failure to do so constitutes a waiver of the claim.” 573 So.2d at 837-38. Such pleading must occur in a pleading contemplated by Florida Rule of Civil Procedure 1.100(a). Green v. Sun Harbor Homeowners’ Ass’n, Inc., 730 So.2d 1261, 1263 (Fla.1998). Pleading specificity is not required; “the contractual or statutory basis for the attorney fee need not be specifically pled and failure to so plead does not result in a waiver of the claim.” Caufield v. Cantele, 837 So.2d 371, 379-80 (Fla.2002). Also, Stockman recognized an exception to the pleading requirement it announced:
Where a party has notice that an opponent claims entitlement to attorney’s fees, and by its conduct recognizes or acquiesces to that claim or otherwise fails to object to the failure to plead entitlement, that party waives any objection to the failure to plead a claim for attorney’s fees. See, e.g., Brown v. Gardens by the Sea S. Condo. Ass’n, 424 So.2d 181 (Fla. 4th DCA 1983) (defendant’s failure to raise entitlement to attorney’s fees until after judgment not fatal to claim where issue of attorney’s fees was raised at pretrial conference and plaintiffs pretrial statement listed defendant’s entitlement to fees as an issue); Mainlands of Tamarac by Gulf Unit No. Four Ass’n, Inc. v. Morris, 388 So.2d 226 (Fla. 2d DCA 1980) (parties’ stipulation during trial that the question of attorney’s fees would be heard subsequent to final hearing would permit recovery of attorney’s fees despite failure to plead entitlement to fees).
573 So.2d at 838. One of the cases cited by Stockman in announcing the exception *84 is Brown v. Gardens by the Sea South Condominium Ass’n. There we held that a defendant’s complete failure to raise entitlement to attorney’s fees under a contract until after judgment was not fatal where the issue of fees was raised at a pretrial conference and the plaintiffs pretrial statement identified as an issue, “Are any of the parties entitled to the recovery of attorney fees and, if so, in what amount.” 424 So.2d at 183. Application of the exception is consistent with the rationale for the Stockman pleading requirement — notice. “By pleading a claim to attorney’s fees, a party notifies the opposing party and prevents unfair surprise.” Caufield, 837 So.2d at 377.
In this case, the Stockman exception to the pleading requirement applies. As the trial judge found, all parties, who were represented by top flight attorneys, were aware of the attorney’s fee provision in the operating agreement and the intention of all parties to enforce it if they were able. In all material respects, the wording of the pretrial stipulation is identical to wording of the pretrial statement in Brown. See Save On Cleaners of Pembroke II Inc. v. Verde Pines City Ctr. Plaza LLC, 14 So.3d 295 (Fla. 4th DCA 2009). Because we decide the case on the issue of waiver, we do not reach the issue of whether pleading one specific ground for attorney’s fees precludes the later recovery of fees on a different ground, or whether, in light of Canfield’s allowance of a general request for fees, the pleading of a specific ground is surplusage without any limiting legal effect.

Affimed.

MAY, C.J., and DAMOORGIAN, J., concur.