DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**LOWELL AMEY VAN VECHTEN,**
as personal representative and trustee of the
Estate of Nicola H. Amey,
Appellant,

v.

**ERICA ANYZESKI,**
as personal representative of the
Estate of Milton Lain Benjamin**,**
Appellee.

Nos. 4D13-2980 and 4D13-3520

[January 21, 2015]

Consolidated appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Martin H. Colin, Judge; L.T. Case No. 502010CP000863XXXXSB.

Gary E. Susser of Law Office of Gary E. Susser, P.A., Boynton Beach (withdrawn as counsel after filing brief), and Steven M. Goldsmith of Steven M. Goldsmith, P.A., Boca Raton, for appellant.

Robert P. Bissonnette of Robert P. Bissonnette, P.A., Fort Lauderdale, for appellee.

GERBER, J.

In these cases, which we consolidate for this opinion, the decedent's trustee appeals from two probate court orders:  (1) an order denying the trustee's motion for attorney's fees after she prevailed on the beneficiary's petition to revoke the decedent's trust amendment; and (2) an order compelling a distribution from the trust to the beneficiary's estate without offsetting the trustee's attorney's fees.  The trustee raises two arguments. First, the trustee argues the court erred in finding she did not adequately plead an entitlement to attorney's fees.  Second, the trustee argues the court erred in finding that the beneficiary's estate did not waive its objection to her alleged inadequate pleading of an entitlement to attorney's fees.  We agree with the trustee's second argument and reverse.  As a result, we do not reach the trustee's first argument.

The decedent executed a trust which originally provided that, upon the decedent's death, the trustee was to distribute a life estate in the decedent's real property plus $100,000 to the beneficiary. The decedent later amended the trust. The amendment provided that, upon the decedent's death, the trustee was to distribute the decedent's real property to the trustee in her individual capacity, and that the trustee was to distribute only $25,000 to the beneficiary.

After the decedent's death, the trustee opened the decedent's estate and served notice of the existence of the decedent's trust as amended.

The beneficiary, without having filed any petition contesting the trust amendment's reduction of his distribution, served discovery requests upon the trustee. The discovery requests appeared to be seeking information to justify a petition contesting the trust amendment's reduction of the beneficiary's distribution.

Thereafter, the trustee filed a motion for attorney's fees and costs against the beneficiary. The trustee alleged that the beneficiary's refusal to accept his $25,000 bequest and his propounding of discovery requests constituted an "action" challenging the trustee's exercise of her powers. The trustee further alleged that her motion was brought "pursuant to Fla. R. Civ. P. 1.525 [and] Sections 86.081, 733.106, [and] 733.609, Florida Statutes [(2009)]." The rule and statutes provide as follows:

- Rule 1.525 states, in pertinent part: "Any party seeking a judgment taxing costs, attorneys' fees, or both shall serve a motion no later than 30 days after filing of the judgment . . . ."

- Section 86.081 states: "The court may award costs as are equitable."

- Section 733.106(1) states: "In all probate proceedings costs may be awarded as in chancery actions."

- Section 733.609(1) states, in pertinent part: "In all actions for breach of fiduciary duty or challenging the exercise of . . . a personal representative's powers, the court shall award taxable costs as in chancery actions, including attorney's fees."

- Section 733.609(2) states, in pertinent part: "When awarding taxable costs, including attorney's fees, under this section, the

2

court in its discretion may direct payment from a party's interest, if any, in the estate or enter a judgment which may be satisfied from other property of the party, or both."

At the end of the motion, the trustee requested that "any award by the Court be taken from [the beneficiary's] $25,000.00 specific bequest."

The beneficiary eventually filed a petition to revoke the trust amendment, and later filed a second amended petition to revoke the trust amendment. In response to the second amended petition, the trustee filed an answer requesting the court to deny the relief which the beneficiary sought "and, pursuant to the inherent authority of [the] Court and Florida Statute § 57.105, order [the beneficiary] to pay [the trustee's] attorney's fees and costs associated herewith . . . ."

The trustee and the beneficiary's estate[1] later entered into pretrial stipulation which presented, among the "Statement of Issues for determination at trial," the following issue: "Whether any party is entitled to the recovery of attorney's fees and costs pursuant to Florida Statutes §§ 736.1005, 736.1006, and 736.1007." Those sections provide as follows:

- Section 736.1005(1) states, in pertinent part: "Any attorney who has rendered services to a trust may be awarded reasonable compensation from the trust."

- Section 736.1005(2) states, in pertinent part: "Whenever attorney's fees are to be paid out of the trust, the court, in its discretion, may direct from what part of the trust the fees shall be paid."

- Section 736.1006(1) states: "In all trust proceedings, costs may be awarded as in chancery actions."

- Section 736.1006(2) states: "Whenever costs are to be paid out of the trust, the court, in its discretion, may direct from what part of the trust the costs shall be paid."

- Section 736.1007(5)(a) states, in pertinent part: "In addition to the attorney's fees for ordinary services, the attorney for the trustee shall be allowed further reasonable compensation for any extraordinary service. . . . Extraordinary services may include, but are not limited to: . . . [i]nvolvement in a trust contest . . . ."

---

[1] The beneficiary passed away before trial.

3

The court held a non-jury trial and found that the trustee prevailed on the beneficiary's second amended petition to revoke the trust amendment. The trustee then orally requested the court to order the beneficiary's estate to pay the trustee's attorney's fees and costs. The court reviewed the trustee's answer to the second amended petition and observed that the answer's basis for requesting attorney's fees and costs was "pursuant to the inherent authority of [the] Court and Florida Statute § 57.105." The court also reviewed the pretrial stipulation and observed that the stipulation's basis for requesting attorney's fees and costs was pursuant to "[sections] 736.1005, 1006, and 1007."

Based on its review, the court denied the trustee's request for attorney's fees. In reaching the decision, the following exchange occurred between the court and the trustee's counsel:

> COURT: Ore tenus motion denied. I don't see [a pleading stating that the grounds sought for fees was under chapter 736]. So the extent to which [the trustee] sought fees for the defense of the case based upon inherent authority or 57.105, both those grounds are denied. I don't have inherent authority just to do it because I can just do it. Fees have to be based upon a contract or a statute, and 57.105 is definitely not applicable here.
>
> TRUSTEE'S COUNSEL: But the [pretrial stipulation's reference to sections] 736.1005, 1006, and 1007 do get –
>
> COURT: But you have to plead that though. . . . I'm ruling on the ones you pled.

The trustee filed a motion for rehearing of the court's denial of her oral motion for attorney's fees. The motion argued that the court erred based upon the trustee having filed her motion for attorney's fees pursuant to section 733.609 and rule 1.525.

The beneficiary filed a response to the trustee's motion for rehearing. The beneficiary argued, in pertinent part:

> It is axiomatic and established Florida law that claims for attorney's fees, be they statutory or contractual, must be pled in a pleading and failure to do so constitutes a waiver of the attorney fee claim. The purpose of the pleading requirement for entitlement to attorney's fees is notice, because it alerts

4

the opposing party of the claimant's intentions thereby preventing unfair surprise. This notice requirement is essential because the existence or nonexistence of an attorney's fee claim often affects the decision of whether to pursue, dismiss or settle a claim . . . .

. . . .

In this case, [the trustee] is trying to give a motion the power of a pleading by stating that she previously filed a motion for attorney's fees, but fails to remind this Court that [she] has failed to plead attorney's fees in any of her pleadings.

[internal citations and paragraph numbers omitted].

The trustee filed a reply to the beneficiary's response. The trustee argued, in pertinent part: "[T]he fundamental concern is one of notice. . . . [W]here a party has notice that an opponent claims entitlement to attorney's fees, and by its conduct recognizes or acquiesces to that claim or otherwise fails to object to the failure to plead entitlement, that party waives any objection to the failure to plead a claim for attorney's fees."

After a hearing, the court denied the trustee's motion for rehearing. To support its ruling, the court gave three reasons: (1) the trustee's motion for attorney's fees was insufficient to preserve the trustee's claim for attorney's fees because the trustee filed the motion for attorney's fees before the beneficiary filed the petition to revoke the trust amendment; (2) the trustee waived her claim for attorney's fees by not including the claim in her answer to the second amended petition; and (3) the beneficiary did not waive his objection to the trustee's claim for attorney's fees by including in the pretrial stipulation that among the issues for determination at trial was the issue of "[w]hether any party is entitled to the recovery of attorney's fees and costs pursuant to Florida Statutes §§ 736.1005, 736.1006, and 736.1007."

The court subsequently entered written orders denying the trustee's motion for attorney's fees and denying the trustee's motion for rehearing. The court also entered a written order compelling the trustee to pay the $25,000 devise to the beneficiary's estate minus the trustee's costs only.

This appeal followed. The trustee argues that the probate court erred in two respects: (1) finding she did not adequately plead an entitlement to attorney's fees; and (2) finding that the beneficiary's estate did not waive its objection to her alleged inadequate pleading of an entitlement to

attorney's fees. Our review is de novo. *See Ferere v. Shure*, 65 So. 3d 1141, 1144 (Fla. 4th DCA 2011) ("[T]o the extent a trial court's order on attorney's fees is based on its interpretation of the law, we have de novo review.") (citation omitted).

We agree with the trustee's second argument. We conclude that the beneficiary's estate waived its objection to the trustee's alleged inadequate pleading of an entitlement to attorney's fees. In *Stockman v. Downs*, 573 So. 2d 835 (Fla. 1991), our supreme court held that "a claim for attorney's fees, whether based on statute or contract, must be pled," *id.* at 837, and that a "[f]ailure to do so constitutes a waiver of the claim." *Id.* at 838. However, within *Stockman*, the court recognized an exception. *Id.* The court held that "[w]here a party has notice that an opponent claims entitlement to attorney's fees, and by its conduct recognizes or acquiesces to that claim or otherwise fails to object to the failure to plead entitlement, that party waives any objection to the failure to plead a claim for attorney's fees." *Id.*

Here, the beneficiary's estate recognized the existence of the trustee's claim to an entitlement of attorney's fees. The estate entered into the pretrial stipulation which presented, among the "Statement of Issues for determination at trial," the following issue: "Whether *any party* is entitled to the recovery of attorney's fees and costs pursuant to Florida Statutes §§ 736.1005, 736.1006, and 736.1007." (emphasis added). Such a stipulation indicated the estate had notice that the trustee not only was claiming an entitlement to attorney's fees, but was doing so under the proper basis of chapter 736. Thus, the estate waived any objection to the trustee's alleged inadequate pleading of an entitlement to attorney's fees. *See Brown v. Gardens by the Sea S. Condo. Ass'n*, 424 So. 2d 181, 183-84 (Fla. 4th DCA 1983) (a defendant's failure to raise entitlement to attorney's fees until after judgment was not fatal where the issue of fees was raised at a pretrial conference and the plaintiff's pretrial statement listed defendant's entitlement to fees as an issue); *Dickson v. Heaton*, 87 So. 3d 81, 84 (Fla. 4th DCA 2012) ("[A]ll parties, who were represented by top flight attorneys, were aware of the attorney's fee provision in the operating agreement and the intention of all parties to enforce it if they were able. In all material respects, *the wording of the pretrial stipulation* is identical to wording of the pretrial statement in *Brown*.") (emphasis added).

Because the beneficiary's estate waived its objection to the trustee's alleged inadequate pleading of an entitlement to attorney's fees, the court erred in compelling the trustee to pay the $25,000 devise to the beneficiary's estate without considering the trustee's attorney's fees claim. We reverse and remand for consideration of the trustee's attorney's fee

claim which, if successful, may be charged, in the court's discretion, against the beneficiary's $25,000 devise under the trust. *See Carman v. Gilbert*, 641 So. 2d 1323, 1326 (Fla. 1994) ("It would be contrary to [the] equitable duty [of renouncement] to allow a contesting beneficiary to deplete the assets of the estate through an unsuccessful proceeding to revoke probate and still take an undiminished share under the will. Under such circumstances, the court has the discretion to direct that the resulting costs and attorney fees be charged against the contestant's bequest under the will.").

Because we conclude that the beneficiary's estate waived any objection to the trustee's alleged inadequate pleading of an entitlement to attorney's fees, it is unnecessary for us to consider the trustee's first argument that the court erred in finding that the trustee did not adequately plead an entitlement to attorney's fees. *See Dickson*, 87 So. 3d at 84 ("Because we decide the case on the issue of waiver, we do not reach the issue of whether pleading one specific ground for attorney's fees precludes the later recovery of fees on a different ground, or whether . . . the pleading of a specific ground is surplusage without any limiting legal effect.") (citing *Caufield v. Cantele*, 837 So. 2d 371, 378 (Fla. 2002) ("[*T*]*he specific statutory or contractual basis for a claim for attorney's fees need not be specifically pled, and . . . failure to plead the basis of such a claim will not result in waiver of the claim.*")) (emphasis added).

*Reversed and remanded.*

CIKLIN and LEVINE, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

7