DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**SHIRLEY'S PERSONAL CARE SERVICES OF OKEECHOBEE, INC.,** a
Florida corporation,
Appellant,

v.

**TAMMY BOSWELL,** an individual; **JERRY HERNANDEZ,** an individual;
**REBEKAH BRAGUE,** an individual; **MARILYN PRYOR,** an individual;
and **ALL ABOUT YOU CAREGIVERS, INC.,** a Florida corporation,
Appellees.

No. 4D14-1801

[June 3, 2015]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Okeechobee County; Gary L. Sweet, Judge; L.T. Case No. 2011-CA-169.

D. John Rhodeback and J. Garry Rooney of Rooney & Rooney, P.A., Vero Beach, for appellant.

Colin M. Cameron of Colin M. Cameron, Esq., P.A., Okeechobee, for appellees Tammy Boswell, Jerry Hernandez, Rebekah Brague and Marilyn Pryor.

Jeffrey A. Fadley of Jeffrey A. Fadley, P.A., Okeechobee, for appellee All About You Caregivers, Inc.

CIKLIN, J.

Shirley's Personal Care Services of Okeechobee, Inc., the plaintiff below, sued All About You Caregivers, Inc., the corporate defendant below, plus four individuals ("individual defendants"), alleging breaches of non-compete contracts concerning licensed home health care in Okeechobee County. Shirley's argues that the trial court erred in awarding fees to the corporate defendant based on a contract provision, because the corporate defendant was not a party to any contract. We agree and reverse the award of fees to the corporate defendant. Shirley's also argues the court erred in awarding fees to the four individual defendants because they did not make a specific prayer for fees. We find this argument has merit, but only to the extent that any fees awarded

were for work unrelated to the injunction counts of the complaint. For reasons set forth, we reverse and remand for further proceedings.

At the time of this dispute, there were only two licensed home health care services in Okeechobee County: Shirley's and the corporate defendant, All About You Caregivers, Inc.

The four individual defendants worked for Shirley's and at the beginning of their professional employment relationship, allegedly signed non-compete contracts.

The four individual defendants eventually separated from Shirley's and became employed by the other health care group, All About You, the corporate defendant. Thereafter, the four individual defendants continued to provide home health care services and in some cases, continued to service patients they had met through Shirley's.

Shirley's eventually entered a voluntary dismissal of all defendants (both corporate and individuals).

Shirley's argues that the trial court erred in awarding fees to the corporate defendant based on a contract provision, because the corporate defendant was not a party to any contract. We agree and reverse the award of fees to the corporate defendant. Shirley's also argues the court erred in awarding fees to the individual defendants because they did not make a specific prayer for fees. We find this argument has merit, but only to the extent that any fees awarded were for work unrelated to the injunction counts of the complaint. For the reasons set forth, we reverse and remand for further proceedings.

The plaintiff, Shirley's, Inc., brought a complaint against the corporate defendant and the individual defendants, seeking injunctive relief and damages based on the individual defendants' alleged violation of non-compete agreements and the corporate defendant's alleged interference with those agreements. Count I of the complaint alleged breach of contract by the individual defendants; count II alleged tortious interference of contract by the corporate defendant; and counts III and IV sought injunctions against the individual and corporate defendants, respectively.

The complaint reflected that each of the individual defendants executed a "Caregiver Referral Agreement," which contains a non-compete provision and the following provision regarding attorney's fees: "In the event suit to enforce this provision becomes necessary, Caregiver

2

also agrees to pay Provider all expenses, court costs, and reasonable attorneys fees incurred by Provider in any suit for its breach, including, if necessary, fees and costs incurred on appeal."

The corporate defendant filed its answer, which did not request fees. Days later, the four individual defendants moved to bifurcate and, in essence, expedite the hearing on the injunction counts. Shirley's did not object to the bifurcation and the trial court immediately directed the parties to submit a pretrial statement. The parties did so, and the statement contained the following acknowledgement by Shirley's: "The parties understand that the Pre-Trial Order is directed toward the plaintiff's motion for preliminary injunction only." The individual defendants also acknowledged the limited scope of the pretrial statement: "The parties understand that the Pre-Trial Order is directed toward the plaintiff's request for entry of a preliminary injunction only. No other matters in Plaintiff's Verified Complaint are at issue or ready for trial." Under the section of the pretrial statement titled, "A specification of the damages and/or relief claimed," the four individual defendants stated, "[the] attorney fee provision contained in the Caregiver Referral Agreements, is reciprocal and allows an award of attorneys fees and costs to the individual defendants." The corporate defendant did not address fees in the pretrial statement.

Before the bifurcated injunction hearing was to be held, the parties entered into a joint stipulation withdrawing Shirley's request for an injunction hearing. The individual defendants eventually filed an answer, which, like the corporate defendant's, did not include a prayer for attorney's fees.

Shirley's then ultimately filed a notice of voluntary dismissal of *all* pending matters. Thereafter, the defendants (both corporate and individual) moved for attorney's fees. The four individual defendants' motion was based on the contract's provision for fees, and section 57.105(7), Florida Statutes (2013), which allows for reciprocity of unilateral prevailing party attorney's fees contractual provisions. The motion also sought fees based on section 542.22, Florida Statutes (2013), a statute permitting fees under certain circumstances in cases related to monopolies and unlawful restraints on commerce. The corporate defendant's motion was based entirely on section 542.22.

During a hearing on fees, the defendants, both corporate and individual, acknowledged their failure to request fees in their answer but argued that the error was not fatal because the pretrial statement placed Shirley's on notice that all defendants were seeking attorney's fees.

3

The trial court found that both corporate and individual defendants were entitled to fees: "I think based on the voluntary dismissal the defendants are clearly the prevailing parties under the contract and the operation of the applicable provision of Chapter 57." The court determined that "the defendants' entitlement to fees [was] salvaged by the inclusion of its intent to seek fees in the pre-trial stipulation and without an express objection to that by Plaintiff's attorney, there is an inference that it is acquiesced to."

Specifically, based on the pretrial stipulation, the court found that "the attorney fee provision contained in the Caregiver Referral Agreements, is reciprocal and allows an award of attorneys['] fees and costs to the individual defendants." The court found that Shirley's, Inc. "waived its right to object to Defendants' failures to plead an entitlement to attorney's fees and costs." The court awarded fees in an amount consistent with the evidence presented.

In a motion for rehearing, Shirley's pointed out that the corporate defendant was not a party to the contracts. The court denied the motion.

The standard of review of an award of attorney's fees is abuse of discretion. *Campbell v. Campbell*, 46 So. 3d 1221, 1222 (Fla. 4th DCA 2010). However, any legal issue raised is subject to de novo review. *See Save on Cleaners of Pembroke II Inc. v. Verde Pines City Ctr. Plaza LLC*, 14 So. 3d 295, 297 (Fla. 4th DCA 2009). The general rule is that "each party is responsible for its own attorneys' fees unless a contract or statute provides otherwise . . . ." *Price v. Tyler*, 890 So. 2d 246, 251 (Fla. 2004).

Here, the trial court awarded fees to both the individual defendants and the corporate defendant based on attorney's fees provisions in the contracts between the plaintiff and just the individual defendants. Indeed, the corporate defendant does not dispute that it was not a party to the contracts. Instead, the corporate defendant asks us to rely on section 542.22 to affirm the award of fees, despite the fact that the trial court based its fee order on the non-compete contracts and made no findings with respect to application of the statute. We note that the corporate defendant did not move for rehearing below and did not file a cross-appeal with us concerning the judgment awarding fees based on the contract. We must reverse the award of fees to the corporate defendant.

However, to the extent that Shirley's argues that the award of costs

4

was also error based on a failure to plead, we disagree. In *Stockman v. Downs*, 573 So. 2d 835, 837 (Fla. 1991), the Florida Supreme Court held that "a claim for attorney's fees, whether based on statute or contract, must be pled." However, this pleading requirement does not apply to costs, which may be awarded pursuant to section 57.041 to "any party recovering judgment." *See First Protective Ins. Co. v. Featherston*, 978 So. 2d 881, 884 (Fla. 2d DCA 2008) (en banc). Because the only issue raised with respect to the award of costs is meritless, we affirm the award of *costs* to the corporate defendant.

With respect to the award of fees to the individual defendants, the issue at the heart of this appeal is whether the attorney's fee entitlement waiver exception of *Stockman* applies. The trial court relied on the pretrial statement as a basis for applying the waiver exception.[1]

In *Stockman,* the court recognized an exception to the general rule requiring attorney's fees be pled: "Where a party has notice that an opponent claims entitlement to attorney's fees, and by its conduct recognizes or acquiesces to that claim or otherwise fails to object to the failure to plead entitlement, that party waives any objection to the failure to plead a claim for attorney's fees." *Stockman*, 573 So. 2d at 838.

Our supreme court cited *Brown v. Gardens by the Sea S. Condominium Ass'n*, 424 So. 2d 181 (Fla. 4th DCA 1983), as an example of a case where the failure to plead was waived. *Stockman*, 573 So. 2d at 838. In *Brown*, the defendants did not plead for attorney's fees in their answer, but this court held that the failure to plead was not fatal where the plaintiff was on notice of the claim for fees based on the following: 1) the parties discussed the issue of attorney's fees during a pretrial conference, 2) the defendants' pretrial statement listed entitlement and amount of fees and costs as an issue, 3) the final judgment reserved jurisdiction to entertain entitlement to fees and costs pursuant to the lease, condominium documents, and Florida law, and 4) the defendants filed their motion for fees and costs after the plaintiff was on notice of the request. 424 So. 2d at 183. The court reasoned further:

> It is manifest from the foregoing outline of events that appellees and the trial court at all pertinent times knew,

---

[1] The individual defendants argue that there is other evidence that they put Shirley's on notice of their intent to seek fees. For example, they rely on emails the parties exchanged. However, the trial court did not rely on any grounds other than the pretrial statement.

recognized and acquiesced, without objection or suggestion of surprise, prejudice or disaccommodation, that appellants were claiming fees and the contract basis for that claim. Moreover, the recognition at pre-trial conference by all involved, including the court, of appellants' claim is a legitimate basis for a finding of waiver or estoppel as concerns appellants' failure to plead. It is fair to speculate that had the appellees or the court expressed any surprise or discontent with the notion that appellants were seeking fees, then certainly appellants would have been galvanized into formally amending and pleading their entitlement. As matters stood, appellants were affirmatively lulled into believing that their claim was known, alive, and that same would be adjudicated. Based on these facts, appellees should not be heard or permitted to now object to appellants' failure to formally plead.

*Id.* at 183-84.

In a more recent case, this court reaffirmed that raising entitlement to attorney's fees as an issue in a joint pretrial stipulation is a sufficient basis to later request attorney's fees, so long as the other party acquiesces by failing to raise an objection. *See Dickson v. Heaton*, 87 So. 3d 81, 83-84 (Fla. 4th DCA 2012).

It is clear from these cases that if a party fails to plead for attorney's fees but raises the issue in a pretrial statement, the other party must object or it waives the issue of the party's failure to plead. Even so, there is some merit to Shirley's argument that the formal answer controls. Under the unique circumstances of this case, Shirley's was placed on notice of fees to an extent—but not to the extent found by the trial court. Here, the pretrial statement was expressly limited to the two injunction counts. As such, it did not put Shirley's on notice that the individual defendants would seek fees for work related to any of the other remaining counts of the complaint. The individual defendants' answer, which was filed after the pretrial statement was submitted, simply did not request fees.

The court's fee award may have encompassed fees for work related to other counts of the complaint. Therefore, we reverse and remand for the trial court to conduct an additional hearing as to the amount of fees to be awarded in this matter. The award should be limited to work related to the injunction counts of the complaint. We affirm the award of costs to the individual defendants.

6

*Reversed and remanded for further proceedings.*

STEVENSON and KLINGENSMITH, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**