DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ANDREW NATHANSON,** as Successor Trustee of the Charlotte Stern
Revocable Trust Agreement,
Appellant,

v.

**NADINE MORELLI** and **KENNETH STERN,**
Appellees.

No. 4D14-2191

[July 8, 2015]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Peggy Gehl, Judge; L.T. Case No. PRC 08-4918 60.

Charles D. Franken of Charles D. Franken, P.A., Plantation, for appellant.

Michele M. Thomas of Adrian Philip Thomas, P.A., Fort Lauderdale, for appellees.

LEVINE, J.

In the present case, the issue presented is whether the appellant sufficiently pled entitlement to fees. Appellant appeals the trial court's final judgment which denied his motion for attorneys' fees and granted appellees' motion to strike appellant's motion for fees. We find that the trial court incorrectly concluded that appellant had not properly pled entitlement, and thus, we reverse.

Appellees brought suit against appellant regarding trust assets. Appellant moved to dismiss and requested attorneys' fees. Appellant's motion to dismiss was never set for hearing, and the parties proceeded to conduct discovery and litigate. Appellant never filed an answer to the complaint. The parties filed cross-motions for summary judgment. Appellant requested fees in his motion for summary judgment as well as

in a memorandum of law. The trial court ultimately entered final summary judgment in favor of appellant.[1]

Appellant then filed a motion for attorneys' fees. Appellees moved to dismiss and/or strike the motion, arguing that appellant failed to properly "plead" fees. After a hearing, the trial court entered a final judgment denying appellant's motion for fees and granting appellees' motion to strike appellant's motion. The court found that appellant's failure to file a "pleading" containing a request for fees precluded him from entitlement.

A party's entitlement to an award of attorneys' fees under a statute or a procedural rule is a legal question subject to de novo review. *Bright v. Baltzell*, 65 So. 3d 90, 92 (Fla. 4th DCA 2011); *Save on Cleaners of Pembroke II Inc. v. Verde Pines City Ctr. Plaza LLC*, 14 So. 3d 295, 297 (Fla. 4th DCA 2009).

This court has previously explained "the parameters for the pleading requirement necessary for a party to recover attorney's fees in a civil action." *Dickson v. Heaton*, 87 So. 3d 81, 83 (Fla. 4th DCA 2012). First, "a claim for attorney's fees, whether based on statute or contract, must be pled. Failure to do so constitutes a waiver of the claim." *Id.* (quoting *Stockman v. Downs*, 573 So. 2d 835, 837-38 (Fla. 1991)). Second, "[s]uch pleading must occur in a pleading contemplated by Florida Rule of Civil Procedure 1.100(a)." *Id.* (citing *Green v. Sun Harbor Homeowners' Ass'n*, 730 So. 2d 1261, 1263 (Fla. 1998)). Third, "[p]leading specificity is not required; 'the contractual or statutory basis for the attorney fee need not be specifically pled and failure to so plead does not result in a waiver of the claim.'" *Id.* (quoting *Caufield v. Cantele*, 837 So. 2d 371, 379-80 (Fla. 2002)).

There are two main exceptions to the pleading requirement. First, "[w]here a party has notice that an opponent claims entitlement to attorney's fees, and by its conduct recognizes or acquiesces to that claim or otherwise fails to object to the failure to plead entitlement, that party waives any objection to the failure to plead a claim for attorney's fees." *Stockman*, 573 So. 2d at 838. Second, "for cases that are dismissed before the filing of an answer," the Florida Supreme Court has held "that a defendant's claim for attorney fees is to be made either in the defendant's motion to dismiss or by a separate motion which must be filed within thirty days following a dismissal of the action." *Green*, 730 So. 2d at 1263. "If the claim is not made within this time period, the claim is waived." *Id.*

---

[1] This court per curiam affirmed the final summary judgment in favor of appellant. *See Morelli v. Nathanson*, 145 So. 3d 855 (Fla. 4th DCA 2014).

In the instant case, both exceptions are applicable. Appellant made multiple requests for attorneys' fees in multiple filings. Appellees never objected, and in fact, spent substantial efforts conducting discovery related to appellant's attorneys' fees. Thus, it is clear that under *Stockman*, appellees were on "notice" of appellant's claim for fees and waived their objection to appellant's failure to "plead" entitlement in a pleading. 573 So. 2d at 838; *see also Dickson*, 87 So. 3d at 84. Additionally, appellant satisfied the requirements for application of the *Green* exception. Appellant's motion to dismiss remained pending at the time summary judgment was entered. Thus, appellant raised his claim for fees while "the time period to answer the complaint ha[d] not yet matured." *Green*, 730 So. 2d at 1261.

In summary, the trial court erred in finding that appellant waived his claim for an award of attorneys' fees and costs. Thus, we reverse the trial court's order granting appellees' motion to strike appellant's motion for fees, and remand for further proceedings consistent with this opinion.

*Reversed and remanded.*

WARNER and CONNER, JJ., concur.

*     *     *

**Not final until disposition of timely filed motion for rehearing.**